KLINE ET AL., APPELLEES, *v.* BOARD OF TOWNSHIP TRUSTEES OF CHESTER TOWNSHIP, APPELLANT.

(No. 40821—Decided January 3, 1968.)

*Messrs. Thrasher, Dinsmore & Dolan, Mr. Lawrence J. Dolan* and *Mr. A. M. Psenicka,* for appellees.
*Mr. Allan Hull,* for appellant.

ZIMMERMAN, J.   Was the Board of Township Trustees a proper and recognizable appellant in the Court of Appeals?

As pertinent, Section 519.24, Revised Code, effective in September of 1957, reads:

"*In case* * * * *any land is or is proposed to be used in violation* of Sections 519.01 to 519.99, inclusive, of the Revised Code, or *of any regulation or provision adopted by any board of township trustees* under such sections, *such board,* the prosecuting attorney of the county, the township zoning inspector, or any adjacent or neighboring property owner who would be especially damaged by such violation, *in addition to other remedies provided by law,* may institute injunction, mandamus, abatement, *or any other appropriate action or proceeding* to prevent, enjoin, abate, or remove such unlawful * * * change, maintenance, or use. * * *" (Emphasis supplied.)

Although the quoted section does not specifically mention appeal, such course of procedure is indicated as proper by the words, "in addition to other remedies provided by law" and "or any other appropriate action or proceeding." Where appeal is available and appropriate, that is the remedy which should be followed over such extraordinary remedies as injunction and mandamus. The Klines' application for a variance from the provisions of the Township Zoning Resolution was openly opposed from the beginning by the Board of Township Trustees which had passed the resolution. The board was present and participated in the various hearings before the Township Board of Zoning Appeals. A copy of the notice of appeal from the adverse decision of the Board of Zoning Appeals was sent by the Klines to the prosecuting attorney. By Section 309.09, Revised Code, the prosecuting attorney of a county is the legal adviser and counsel of a board of township trustees within the county and is required to prosecute and defend

any action which may affect such board. The prosecuting attorney appeared in the Court of Common Pleas in opposition to the Kline appeal and represented all those contesting such appeal. In the motion to vacate the unfavorable judgment of the Court of Common Pleas and for a new trial, the prosecuting attorney denoted himself as representing the Board of Township Trustees and in that motion denoted the Board of Township Trustees as the complaining agency.

Upon such recitation, there could be no doubt that the Board of Township Trustees took an active part in all the proceedings and that everyone interested in those proceedings was aware of that fact. After all, the Board of Township Trustees was vitally interested in seeing that the zoning resolution it had adopted was upheld and enforced and was active all along the line in supporting that position.

Surely, when the proceedings reached the Court of Common Pleas they became adversary in nature, and the Board of Township Trustees took and maintained a position adverse to the Klines. Section 519.24, Revised Code, sanctions the appearance and participation by a board of township trustees in a matter wherein an attempt is made to interfere with a zoning resolution adopted by it.

A majority of this court agrees with the dissenting judge in the Court of Appeals that under Section 519.24, Revised Code, the Board of Township Trustees was a proper party in attempting to enforce its zoning resolution, that its appearance, participation and interest was manifest, and that it was entitled to prosecute an appeal from a Common Pleas Court judgment against it to the Court of Appeals.

Therefore, the judgment of the Court of Appeals is reversed, and the cause is remanded to that court with instructions to entertain and hear the appeal and to decide the controversy on its merits.

*Judgment reversed.*

TAFT, C. J., MATTHIAS, O'NEILL and HERBERT, JJ., concur.

SCHNEIDER and BROWN, JJ., dissent.