IN RE PROPOSED ASSESSMENT BY COUNTY TREASURER OF WOODBURY COUNTY AGAINST LYTLE INVESTMENT COMPANY et al.

No. 42758.

APRIL 2, 1935.

1100

A. W. Johnson, Wright & Baldwin, George S. Wright, Addison G. Kistle, and Paul E. Roadifer, for appellants.

Edwin J. Stason, for appellees.

RICHARDS, J.—On November 18, 1933, F. Price Smith, as county treasurer of Woodbury county, pursuant to section 7155 of the Code, demanded of Lytle Investment Company, C. F. Lytle Construction Company et al., appellees herein, an amount of taxes that had been entered by said county treasurer on his tax list against appellees, claimed by said county treasurer to be due, with interest and penalties, upon property subject to taxation that had been withheld, overlooked, or for other cause not listed and assessed. On December 7, 1933, appellees made an application to the state board of assessment and review to have the taxes, thus levied and assessed, canceled and stricken from the Woodbury county records. A hearing was had thereon before the state board of assessment and review on December 15, 1933, at which hearing the county treasurer appeared and resisted the application. On December 21, 1933, the state board made a finding in favor of the applicants, appellees herein, finding that the said assessment made by the county treasurer on all the stockholders in both the Lytle Investment Company and the C. F. Lytle Construction Company was erroneous and that the same "is hereby abated and declared void, and of no effect," and the county treasurer of Woodbury county, Iowa, was directed and ordered to strike each and all of said assessments for taxes as made by him from his tax list and records. On December 28, 1933, the county treasurer and acting county treasurer of said county served upon the said state board and upon the attorney for appellees a notice of appeal to the district court of Woodbury county, from the order of the state board, and a transcript of the proceedings were filed by the state board in said district court and the cause docketed as a law action. The appellees, against whom said taxes had been assessed, filed a special appearance in the district court predicated upon the ground that the appellants had no right of appeal from said order. Upon a hearing the court sustained the grounds of said special appearance and dismissed the appeal, from which the appellants, F. Price Smith, county treasurer, and W. H. Thompson, county auditor, of Woodbury county, have taken this appeal. The sole question presented is whether the county treasurer

had the right to appeal to the district court from the order of the state board.

Code section 6943-c27, subdivision 9a, vests the state board of assessment and review, among other powers and duties, with the following:

"9a. To correct errors, irregularities, or omissions in assessments of individual taxpayers by adding to the tax list any omitted property or by raising, lowering, or abating an assessment found to be erroneous or excessive; provided, that before making any increase in any assessment or assessment of any property as omitted property the board shall notify the owner of record or person assessed with such property by registered mail addressed to such person at his last known place of residence notifying him to appear before said board within ten days from the mailing of said notice and show cause why such increase or addition should not be made; provided, that any party aggrieved by the action of the state board may within twenty days after such action has been taken appeal from the action of the state board to the district court of the county where the property is situated by serving on the chairman of the state board a written notice of appeal in the same manner as provided for the service of original notices. The state board shall notify the county auditor or county treasurer of any such correction or change and the county auditor or county treasurer shall amend the assessment roll and/or tax list to conform to the order of the board; * * * "

In a very recent case in this court, being case of F. Price Smith v. Sioux City Stock Yards Co., 219 Iowa 1142, 260 N. W. 531, the plaintiff had brought the action against the defendant under Code section 7156, to recover an amount of taxes listed by the county treasurer as taxes upon omitted property under section 7155. The defense was that subsequent to the entry of said tax by the county treasurer the state board of assessment and review, upon application of defendants, had entered an order declaring the tax illegal, erroneous, and void and ordering the county treasurer and county auditor to abate the same, together with any interest or penalties thereon, and to strike same from the tax books of Woodbury county. The matter came before this court on an appeal from the judgment of the district court holding said defense sufficient and dismissing plaintiff's action, and this court affirmed the case. In the opinion

this court called attention to the fact that section 6943-c34, being a part of the act of which the section above quoted is now a part, provides that all laws or parts of laws in conflict with said act are thereby repealed. This court held that the effect of this repealing clause was to so modify its provisions as to leave in the state board the ultimate authority to decide upon the question of the liability upon omitted property, subject, of course, to the right of appeal by an aggrieved party. We call attention to this holding, for the light it sheds upon the question whether the county treasurer was, within the intendment of the quoted section, a "party aggrieved" entitled to appeal. Section 7155 having been so modified by the act creating the state board that the ultimate authority to decide upon the question of taxes on omitted property vested in the state board, it appears to us that the duties of the treasurer became so remotely associated with the enforcement of such tax liability as to leave no reasons or grounds for holding that the legislature intended to include him as a "party aggrieved" entitled to appeal. The legislative intent having been to vest in the state board the ultimate authority in such matters (Sioux City Stock Yards case, supra), such intent would not be consistent with a construction of this statute that the legislature intended that the inferior official by appeal could go on litigating the matter with the superior official having the ultimate authority. The right of appeal is purely statutory and unless conferred does not exist. We are of the opinion that it is more in accord with the tenor of our previous holdings on questions of right of appeal in matters of taxation to say that if the legislature had intended that the treasurer could appeal from the state board, that the act would have contained an expression of that intention. See In re Assessment of Farmers L. & T. Co., 129 Iowa 588, 105 N. W. 1023; Woodbury County v. Talley, 153 Iowa 28, 129 N. W. 967.

It is a part of appellants' argument that the portion of the statute being considered which authorizes the state board, upon application of individual taxpayers, to lower or abate the assessment of taxes against such individuals, is unconstitutional, violate of the due process of law clauses, because the statute provides for no notice to the municipal corporations entitled to these taxes when collected. They further argue that to avoid this defect in the law, the legislature contemplated that the county treasurer, as the representative of the tax paying public, was a party to the proceeding and

being aggrieved in said capacity, had the right of appeal. We do not deem that this question of constitutionality of this law is before us for determination or was before the district court, its association with the case being argumentative, affording a reason, as appellants claim, for sustaining their contention. We cannot find in this argument warrant to interpret this statute as including the county treasurer as a "party aggrieved," because the intent of the legislature as expressed is too apparent to admit of adopting appellants' construction solely to avoid any question of constitutionality.

The motion to strike appellants' reply brief and argument submitted with the case is overruled.

The judgment and order of the district court should be and is affirmed.—Affirmed.

Chief Justice and all Justices concur.