THE STATE, EX REL. BROADWAY PETROLEUM CORP.,
APPELLANT, *v.* CITY OF ELYRIA ET AL., APPELLEES.

(No. 68-352—Decided April 30, 1969.)

24

*Mr. Sanford W. Likover,* for appellant.
*Mr. Kosma J. Glavas* and *Mr. J. C. Wm. Tattersall,* for appellees.

TAFT, C. J. The only assignment of error and the only argument advanced by the city and its officials in their brief before the Court of Appeals was "that the Court of Common Pleas * * * erred in issuing a peremptory writ of mandamus without affording * * * [them] an opportunity to be heard."

Section 2731.06, Revised Code, reads, so far as pertinent:

"When the right to require the performance of an act is clear and it is apparent that no valid excuse can be given for not doing it, a court, in the first instance, may allow a peremptory mandamus."

There is nothing in the record, either through a bill of exceptions or otherwise, to indicate, and it is not even contended, that the facts before the Common Pleas Court were or are otherwise than as alleged in the petition for mandamus.

Where it is not contended, and the record does not indicate, that the facts before a Common Pleas Court were otherwise than as alleged in a petition for a writ of mandamus, its judgment peremptorily allowing such a writ should not be disturbed if the allegations of the petition would support the issuance of that writ.

The petition in the instant case alleges that there was a decision of the Elyria Board of Zoning Appeals which determined that relator was entitled to the building permit, which he seeks in the instant case, and ordered the building inspector to issue that permit to relator. The petition alleges further that that decision was rendered upon an appeal by relator to that board from a rejection by the building inspector of relator's application for the permit.

That appeal and a determination, such as made by the board, were authorized not only by statute[1] but also by the charter and ordinances of Elyria.[2]

---

[1]Section 713.11, Revised Code, reads in part:

"The legislative authority of a municipal corporation may create an administrative board to administer the details of the application of the [zoning] regulations * * * and may delegate to such board, in accordance with general rules and regulations to be set forth in the districting ordinances and regulations, the power to hear and determine appeals from refusal of building permits by building commissioners or other officers, to permit exceptions to and variations from the district regulations in the classes of cases or situations specified in the regulations, and to administer the regulations as specified therein."

[2]Section 14.04 of the Elyria Charter provides in part:

26

In the instant case, in reversing the judgment of the Common Pleas Court allowing the writ of mandamus, the Court of Appeals relied upon the last paragraph of Section 1125.19 of the Elyria Ordinances, which reads:

"No grant of a variance shall be authorized unless the board specifically finds that the condition or situation of the specific piece of property, or the intended use of such property for which the variance is sought is not of so general or recurrent nature as to make reasonably practicable the formulation of a general regulation, amending this zoning code, covering such condition or situation."

In support of its judgment, the Court of Appeals stated:

"* * * the board of zoning appeals, by virtue of the above quoted section, had the authority to grant a variance in the land use matter before us; but the question that we cannot answer affirmatively is: Did they exercise that authority in accordance with the requirements of the variance section?

"* * * the last paragraph of Section 1125.19 * * * requires that certain specific findings be made, which, in the case before us, were not entered in any record before the trial court, or before this court."

We are of the opinion that that judgment of the Court of Appeals erroneously authorized an attack upon a decision that the Elyria Board of Zoning Appeals was authorized to make.

---

"The board of zoning appeals shall have the power to hear and decide appeals for exceptions to and variances in, the application of resolutions, ordinances, regulations, measures and orders of administrative officials or agencies governing zoning in the city, as may be required to afford justice and avoid unreasonable hardship, subject to such reasonable standards as shall be prescribed by council * * *."

Section 1125.19 of the Elyria Ordinances provides in part:

"The board of appeals shall have the power to authorize upon appeal in specific cases * * * such variances from the provisions or requirements of this zoning code as will not be contrary to the public interest; but only in such cases where, owing to special conditions pertaining to a specific piece of property the literal enforcement of the provisions or requirements of this zoning code would cause undue and unnecessary hardship."

As stated by Ranney, J., in *Sheldon's Lessee* v. *Newton* (1854), 3 Ohio St. 494, at page 498 *et seq.*:

"* * * If the court had jurisdiction of the subject-matter, and the parties, it is altogether immaterial how grossly irregular, or manifestly erroneous, its proceedings may have been; its final order cannot be regarded as a nullity, and cannot, therefore, be collaterally impeached. * * * The power to hear and determine a cause is jurisdiction; * * * before this power can be affirmed to exist, it must be made to appear that the law has given the tribunal capacity to entertain the complaint against the person or thing sought to be charged or affected; that such complaint has actually been preferred; and that such person or thing has been properly brought before the tribunal, to answer the charge therein contained. When these appear, the jurisdiction has attached; the right to hear and determine is perfect; and the decision of every question thereafter arising is but the exercise of the jurisdiction thus conferred; and whether determined rightfully or wrongfully, correctly or erroneously, is alike immaterial to the validity, force, and effect of the final judgment, when brought collaterally in question. * * *"

To the same effect, see *Moore* v. *Robison* (1856), 6 Ohio St. 302 (first paragraph of syllabus); *Mantho* v. *Board of Liquor Control* (1954), 162 Ohio St. 37, 120 N. E. 2d 730 (syllabus); and *Incorporated Consultants* v. *Todd* (1964), 175 Ohio St. 425, 195 N. E. 2d 788.

The same principles of law have been applied with respect to administrative decisions. Thus, in *State, ex rel. Hasbrook,* v. *Lewis* (1901), 64 Ohio St. 216, 233, 60 N. E. 198, it was said in the opinion by Burket, J.:

"It is urged that this is a case in which the boards of equalization had no jurisdiction, and not merely a case of irregular exercise of power. This is not tenable. The petitions admit that the boards of equalization were legally constituted, and that the auditor placed before them for equalization the returns of the district assessors. Having those returns before them for the purpose of equalization, the boards were thereby invested with jurisdiction of the

subject matter, and that jurisdiction continued until they completed their work; and if in the course of exercising that jurisdiction they took into consideration matters not required by the statute, that fact might be irregular, but it would not oust the jurisdiction, and would not render the result of their work void.''

See also *State, ex rel. Weaver*, v. *Faust* (1965), 1 Ohio St. 2d 100, 205 N. E. 2d 14; 2 American Jurisprudence 2d 451, Section 611.

If we agree with the conclusion of the Court of Appeals that the board of zoning appeals should have entered in the record the specific findings required by the last paragraph of the ordinance, which that court referred to, the failure of the board to do so would at most represent an erroneous exercise of the power and jusidiction conferred upon it to grant the variance and order the issuance to relator of his requested building permit.

Any other holding would be manifestly unfair to the successful party to a decision that an administrative board was empowered to render. For example, in the instant case relator could not be expected, and would probably not be allowed, to appeal from a decision in his favor.

Even if we agree with respondents' contention that the building inspector had no right to appeal from the decision of the board of zoning appeals ordering him to give to relator the permit that he had requested, it does not follow that the building inspector is a proper party to attack that decision in this or any other legal proceeding.

To permit the building inspector to attack the decision of the board of zoning appeals would allow him to nullify the authorized action of his superior authority, the board of zoning appeals. To permit the city to attack the deci- sion of the board in this mandamus proceeding would allow the city to nullify a decision that it had empowered the board to make on its behalf. The same may be said with respect to such an attack by the mayor.

An important purpose of establishing the board of zoning appeals was to provide a property owner, such as

relator, with an administrative review of an adverse decision of the building inspector. That purpose would be defeated if, after the property owner had prevailed in an administrative review, the city or its agents could attack or disregard such favorable decision.

In *State, ex rel. Hasbrook,* v. *Lewis, supra* (64 Ohio St. 216), an effort was made in a mandamus proceeding to require a county auditor to change the results of valuations made by a board of equalization. In rejecting this effort, it was said in the opinion by Burket, J., at page 235:

"* * * The statute confers no power on the auditor, to supervise, review, correct, or disregard the work of the boards. He is one of the board, and is bound by the acts of the majority. He, as auditor, has only such powers as are conferred on him by statute, and there is no statute in this state authorizing him to cast aside the additions made to the valuations returned by the district assessors, and cer-tify the amounts of such returns to the Auditor of State, without the additions made by the board of equalization. * * *"

See also 2 American Jurisprudence 2d 398, Section 576; also 363 *et seq.,* Section 556 *et seq.*

Whether the building inspector may attack or avoid in this court proceeding the decision of the board of zoning appeals depends upon whether he would have what is referred to as "standing" to attack that decision.

The weight of authority negatives the right of an administrative officer of a governmental entity, or even the governmental entity or any representative thereof, to attack or avoid the decision of an agency of such governmental entity, which is authorized to review and reverse the determination of such administrative officer and does review and reverse that determination, except to the extent that legislation gives such administrative officer, the governmental entity or its representative the right to do so. *Lee* v. *Civil Aeronautics Board* (C. A. D. C. 1955), 225 F. 2d 950 (Administrator of Civil Aeronautics has no standing to appeal refusal of CAB to suspend pilots' certificates for alleged misconduct); *In re Proposed Assessment by*

*County Treasurer* (1935), 219 Iowa 1099, 260 N. W. 538
(public revenue review officer has no standing to challenge
decision of the State Board of Assessment); *King* v. *Stark
County* (1943), 72 N. D. 717, 10 N. W. 2d 877 (public of-
ficer is not an aggrieved person with standing to appeal
solely by reason of his official position); *Fadell* v. *Kovacik*
(1962), 242 Ind. 610, 181 N. E. 2d 228 (township assessor
is merely part of an administrative process for fixing tax
assessments and has no standing to challenge a reduction
of his original assessment by the State Board of Tax Com-
missioners); *State, ex rel. Rouveyrol,* v. *Donnelly* (1959),
365 Mo. 686, 285 S. W. 2d 669 (State Commissioner of Fi-
nance has no standing to seek to upset decisions of the
Board of Bank Appeals granting bank charters); *State,
ex rel. Belle-Bland Bank,* v. *Donnelly* (Mo. 1956), 287 S.
W. 2d 872 (similar); *Scearce* v. *Simmons* (Mo. App. 1956),
294 S. W. 2d 673 (Director of Personnel has no right of ap-
peal from action of Civil Service Commission reversing
his reclassification of certain civil service jobs into a com-
petitive status); *Sprague Oil Service, Inc.,* v. *Fadely* (1961),
189 Kan. 23, 367 P. 2d 56 (Director of Revenue cannot ap-
peal from adverse decision of Board of Tax Appeals);
*Department of Labor and Industries* v. *Cook* (1954), 44
Wash. 2d 671, 269 P. 2d 962 (Department of Labor and
Industries has no standing to appeal to court from a de-
cision by the Board of Industrial Insurance Appeals re-
versing the original order of the department); *Tyler* v.
*Board of Zoning Appeals* (1958), 145 Conn. 655, 145 A. 2d
832 (zoning commission has no standing to appeal order
of board of zoning appeals); *City and County of Denver*
v. *Redding-Miller, Inc.* (1959); 141 Colo. 269, 347 P. 2d 954
(where city did not participate in proceedings before board
of zoning adjustment, it is not a proper party to review
the order of the board); Davis, "Standing of a Public
Official to Challenge Agency Decisions," 16 Ad. L. Rev.
163, 166-72 (1964); 2 Cooper, *State Administrative Law,*
548, section 2 (E) (3) (with respect to zoning cases, page
559, and section 2 [J] ). See *Miller* v. *Bureau of Unem-
ployment Compensation* (1954), 160 Ohio St. 561, 117 N. E.

2d 427 (Board of Review of state Unemployment Compensation Commission has no authority to appeal from a court decision reversing the board's order); *Corn* v. *Board of Liquor Control* (1953), 160 Ohio St. 9, 113 N. E. 2d 360 (Board of Liquor Control has no standing to appeal from a decision of the Court of Common Pleas reversing the board's order); *A. DiCillo & Sons, Inc.,* v. *Chester Zoning Bd. of Appeals* (1952), 158 Ohio St. 302, 109 N. E. 2d 8 (board of zoning appeals could not appeal to Supreme Court from a lower court reversal of board's determination); *Bartholomew* v. *Paniello* (Ky. 1956), 287 S. W. 2d 616 (municipal alcoholic beverage administrator has no standing to appeal lower court order reversing him and granting a liquor license). Cf. *Taylor* v. *Johnson* (1961), 172 Ohio St. 394, 176 N. E. 2d 214 (mayor has standing to appeal civil service order requiring reinstatement of a police chief removed by the mayor, the order affecting the mayor in his official conduct); *United States, ex rel. Chapman,* v. *Federal Power Comm.* (1953), 345 U. S. 153 (one government agency may challenge action of another agency where each agency represents different interests); *United States* v. *Interstate Commerce Comm.* (1949), 337 U. S. 426 (similar); *Western Airlines Inc.* v. *Civil Aeronautics Board* (1954), 347 U. S. 67 (similarly, Postmaster General has standing to appeal CAB decisions affecting air mail). *Contra, In re Halifax Paper Co. Inc.* (1963), 259 N. C. 589, 131 S. E. 2d 441 (Commissioner of Revenue, by virtue of his official status, has standing to challenge in court a decision of the state Tax Review Board modifying the commissioner's original assessment).

Even the leading advocate for giving such an administrative officer or the governmental entity for which he acts a right to attack an administrative decision states:

"* * * May an administrative authority initiate a petition for review where it has suffered defeat at the hands of an administrative authority with jurisdiction to review its actions? It will be argued that if the legislature provides specifically for the revision of an administrative decision by another administrative body, it has meant to

provide that the ultimate 'administrative' power has been given to the revising officer. This is clear if the two authorities are within the same department in the position of inferior and superior.'' Jaffe, *Judicial Control of Administrative Action,* **538.**

This is the case before us. The legislation in the instant case provides specifically for the revision of the administrative decision of the building inspector here involved by the board of zoning appeals. Also, the building inspector is the inferior to the board, his superior, and both are within the same department of the city government.

We conclude, therefore, that where legislation, including the city's charter and its ordinances, has specifically provided for the review by a city board of zoning appeals of the determination of its building inspector in refusing a building permit, neither the building inspector, the city nor its mayor may attack or avoid in judicial proceedings a decision of that board, except as authorized by legislation to do so. It is not suggested by respondents that there is any such legislation. Actually, in order to avoid the contention of relator that the building inspector cannot attack the unreversed decision of the board of zoning appeals, respondents contend that there was no appeal from that decision to the Common Pleas Court. Thus, in the instant case, it is not necessary for us to consider whether there is such an appeal under Chapter 2506, Revised Code.

For the foregoing reasons, the judgment of the Court of Appeals is reversed and the judgment of the Common Pleas Court is affirmed.

*Judgment reversed.*

ZIMMERMAN, MATTHIAS, O'NEILL, SCHNEIDER, LEACH and DUNCAN, JJ., concur.

LEACH, J., of the Tenth Appellate District, sitting for HERBERT, J.