GOLD COAST REALTY, INC., APPELLEE, *v.* BOARD OF ZONING APPEALS OF THE CITY OF CLEVELAND ET AL., APPELLANTS.

[Cite as Gold Coast Realty v. Bd. of Zoning Appeals (1971), 26 Ohio St. 2d 37.]

(No. 70-110—Decided March 31, 1971.)

38

*Messrs. Schulman & Schulman,* for appelleee.
*Mr. Clarence L. James, Jr.,* director of law, and *Mr. Robert McCarthy,* for appellants.

HERBERT, J. The first question to be resolved concerns Gold Coast's notice of appeal filed in the Court of Common Pleas. If the naming by Gold Coast of the Board of Zoning

Appeals as its sole adversary in that appeal can effect such a result, then the judgment below was correct. *A. DiCillo & Sons* v. *Chester Zoning Board of Appeals* (1952), 158 Ohio St. 302, 109 N. E. 2d 8.

Usually, appeals have been challenged upon the ground that the right thereto was absent by virtue of the acts, omissions or standing of the appellant. In those cases, the conduct of the appellate proceedings was at all times under the control of the appealing party. Here, the defect relied upon by the appellee is one which *it* injected into the proceedings.

Gold Coast seeks to assuage its position in this regard by arguing that the present appellants, city of Cleveland and its commissioner of building, did nothing to rectify their absence from the notice of appeal until after Gold Coast filed its motion to dismiss in the Court of Appeals.

It is axiomatic that courts have historically been loathe to apply doctrines of waiver, laches or estoppel to governmental entities and arms thereof. See cases collected in annotation, 1 A. L. R. 2d 338. We see no reason to depart from that doctrine here. More importantly, however, the instant record leaves no doubt that both the commissioner of building and the city were present, through their agents, at the hearing before the Board of Zoning Appeals, and that they participated therein as parties adverse to Gold Coast. In view of this, we are convinced that the mere failure of the city or its commissioner of building to earlier move to correct Gold Coast's notice of appeal is not sufficient reason to prevent them from being "parties" with standing to appeal to the Court of Appeals. Either of them was an adverse and necessary party before the Board of Zoning Appeals, and Gold Coast's failure to so delineate one or the other of them in its notice of appeal cannot work to diminish their standing in that regard.

We have recently considered a case similar to the one at bar in that it also involved a notice of appeal which failed to name parties, adverse to the filer of the notice of appeal and necessary to the proceedings, who later sought

to appeal further. *Thomas* v. *Weber* (1968), 15 Ohio St. 2d 177, 239 N. E. 2d 26. In the opinion, at page 181, Chief Justice Taft observed:

"The whole purpose of the *Thomas* appeal from the order of the township trustees was to take from those petitioners that which they had sought by their petition and been given by the township trustees, from whose order *Thomas* appealed. Thus, each one of those petitioners was not only a necessary party but an 'adverse party' to her appeal * * *.

"*Being adverse and necessary parties, they would be parties in the Common Pleas Court appeal, whether or not named by their adversary in her notice of appeal.* * * *" (Emphasis added.)

Gold Coast contends further that, irrespective of all else, the city and its commissioner of building cannot be parties because they occupy a governmental position similar to that of the Board of Zoning Appeals, and appeals by such entities have been proscribed by decisions of this court.

We first return to *DiCillo, supra.* In the opinion in that case, at page 305, Judge Taft stated:

"It has been argued that the function of the board is to represent the interests of the public; and that, therefore, it must, if those interests are to be protected, be allowed to have an interest adverse to the appellee in the instant case.

"Admittedly, the board does represent the interest that the public has in having appeals correctly heard and decided and in having proper authorizations on such appeals for variances from the terms of the zoning resolution. However, it does not follow that the board or any of its members as such may become partisans when one of its decisions is questioned on an appeal to a court. *Sufficient partisan representation of any interest of the public in warding off appellate attacks on the decisions of the board can be furnished either by the administrative officer, from whose decision an appeal to the board is authorized by*

*statute,* or by 'any person aggrieved or by any officer of the township [other than members of the board as such] affected by any decision of the administrative officer.' If no one appeals to the board from a decision of an administive officer, then the decision of the administrative officer stands. If a proper party does appeal, then a party so appealing is in a position which should enable satisfactory representation of interests of the public which may be adversely affected by the decision made by the administrative officer." (Emphasis added.)

Subsequent to *DiCillo,* in 1957, the General Assembly enacted the Administrative Appellate Procedure Act, R. C. 2506.01 through 2506.04. These sections set forth the procedure for appeals from administrative officers and agencies to the courts. A perusal of R. C. Chapter 2506 discloses nothing which would prohibit the city or commissioner of building from appealing adverse rulings of the Cleveland Board of Zoning Appeals, so long as such rulings are among those prescribed by R. C. 2506.01. Furthermore, in speaking of an appeal such as the one before us for review, R. C. 2506.04 provides, in pertinent part:

"* * * The judgment of the court may be appealed *by any party* on questions of law pursuant to Sections 2505.01 to 2505.45, inclusive, of the Revised Code." (Emphasis added.)

Gold Coast cites the case of *State, ex rel. Broadway Petroleum Corp.,* v. *Elyria* (1969), 18 Ohio St. 2d 23, 247 N. E. 2d 471, in support of its averment that neither the city nor its commissioner of building can be a party in the appeal below. The opinion in *Broadway Petroleum* was also written by Chief Justice Taft, and, while some of the *citations* found therein may suggest a shift in position, the opinion and the syllabus are both consistent with the result in *DiCillo, supra.* At page 32 in the *Broadway Petroleum* opinion is found:

"* * * In the instant case, it is not necessary for us to consider whether there is such an appeal under Chapter 2506, Revised Code."

42

The second paragraph of the syllabus in *Broadway Petroleum* states:

"Where legislation has specifically provided for review by a city board of zoning appeals of the determination of its building inspector in refusing a building permit, neither the building inspector, the city nor its mayor may attack or avoid a decision of that board in judicial proceedings, *except as authorized by legislation to do so.*" (Emphasis added.)

We think it clear that neither the syllabus nor the opinion in *Broadway Petroleum* conflict with our result in the case at bar.

It is our conclusion that the city of Cleveland and its commissioner of building could properly appeal the decision of the Court of Common Pleas in this case; that the motion to correct the docket should have been allowed; and that the judgment of the Court of Appeals should be reversed.

*Judgment reversed.*

O'NEILL, C. J., SCHNEIDER, DUNCAN, CORRIGAN, STERN and LEACH, JJ., concur.