POOLE, APPELLEE, *v.* MALONEY ET AL., APPELLANTS.

(No. 82AP-844—Decided May 26, 1983.)

*Mr. Gregory S. Lashutka,* city attorney, *Mr. Patrick McGrath* and *Ms. Barbara S. Gates,* for appellee.

*Mr. H. Lee Thompson,* for appellants.

COOK, J. Thomas Maloney, Anthony Arnold, and Frank Cleveland, appellants herein, were employees, with permanent status, of the city of Columbus, Department of Community Services. On April 30, 1981, Maloney and Arnold were terminated for "lack of funds." On September 15, 1981, Cleveland was terminated for the same reason.

Appellants appealed to the Columbus Civil Service Commission which found that they, in fact, had been "discharged" and, therefore, the commission had jurisdiction to hear their appeals. Subsequently, the commission ordered appellants reinstated.

Ronald Poole, Director of the Department of Community Services, appellee herein, appealed the decision of the commission to the court of common pleas. The court reversed the decision of the commission on the ground that the commission had no jurisdiction to hear appeals of terminations, due to lack of funding. The court further found that the commission had no authority to determine whether the appointing authority had improperly terminated a classified employee under the guise of lack of funds.

Appellants have appealed the judgment of the trial court.

The issue raised by appellants' three assigned errors is whether the civil service commission had jurisdiction to hear their appeals.

However, we must first address the issue of whether appellee, Ronald Poole, had standing to appeal to the court of common pleas from the determination of the civil service commission.

In the instant cause, the attempted notice of appeal filed by appellee, the director, stated that the appeal was pursuant to R.C. 124.40, 124.34, and 119.12.

R.C. 124.40(A) confers no right of appeal but does provide that R.C. 124.34 is applicable to a municipal civil service commission and that that commission "* * * shall exercise all other powers and perform all other duties with respect to the civil service of such city, * * * as prescribed in this chapter and conferred upon * * * the state personnel board of review with respect to the civil service of the state; and all authority granted to * * * the board with respect to the service under their jurisdiction shall * * * be held to grant the same authority to the municipal civil service commission with respect to the service under its jurisdiction. * * *"

R.C. 124.03(A) confers upon the State Personnel Board of Review the power to hear appeals by state employees from layoffs. *State, ex rel. Osborn,* v. *Jackson*

(1976), 46 Ohio St. 2d 41 [75 O.O.2d 132]; *State, ex rel. Kendrick,* v. *Masheter* (1964), 176 Ohio St. 232 [27 O.O.2d 128]. Pursuant to R.C. 124.40, the same authority is conferred upon a municipal civil service commission with respect to municipal employees. *State, ex rel. Vukovich,* v. *Civil Service Comm.* (1982), 69 Ohio St. 2d 16 [23 O.O.3d 47].

*Jackson* held that the appointing authority has no right of appeal pursuant to either R.C. 124.34 or 119.12. While *Jackson* involved a director of a state department, the rationale must be the same with respect to a director of a municipal department. R.C. 124.34 provides for appeals to courts of common pleas from terminations only where there is a disciplinary discharge. *Harris* v. *Lewis* (1982), 69 Ohio St. 2d 577 [23 O.O.3d 485].

In the instant cause, the notice of appeal to the court of common pleas also stated, as an alternative, that the appeal was pursuant to R.C. Chapter 2506.

The rationale of *Harris, supra,* would tend to preclude such an appeal even if the director, as appointing authority, had standing to appeal. R.C. 2506.01 specifically provides that no order is appealable unless it constitutes "a determination of the rights, duties, privileges, benefits, or legal relationships of a specified person." However, R.C. Chapter 2506 provides for an appeal only by a person directly affected by the decision sought to be appealed. *Schomaeker* v. *First Natl. Bank* (1981), 66 Ohio St. 2d 304, 312 [20 O.O.3d 285]. Ordinarily, an administrative officer is not a person whose interests are directly affected by an administrative decision. See *Corn* v. *Bd. of Liquor Control* (1953), 160 Ohio St. 9 [50 O.O. 479]. There is no express statutory right of appeal conferred upon appellee director.

Accordingly, since the director had no right of appeal from the order of the civil service commission, the court of common pleas had no jurisdiction to reverse the order of the commission. The court should have dismissed the appeal.

Since the court of common pleas had no jurisdiction to reverse the order of the commission, we conclude appellants' three assignments of error are well-taken.

The judgment of that court purporting to exercise jurisdiction upon the director's notice of appeal must be reversed, and the cause should be remanded with instructions to dismiss the appeal.

*Judgment reversed and cause remanded with instructions.*

WHITESIDE, P.J., and MOYER, J., concur.

COOK, J., of the Eleventh Appellate District, sitting by assignment in the Tenth Appellate District.