Welch, Director of Community Services, Appellant, *v.* Cason, Municipal Civil Service et al., Appellees.

(No. 83AP-845—Decided December 6, 1983.)

*Mr. Gregory S. Lashutka,* city attorney, *Mr. Patrick M. McGrath* and *Mr. Guy L. Reece II,* for appellant.

*Mr. Gary Deeds,* for appellees.

STRAUSBAUGH, J. This is an appeal by appellant Odella Welch, Director, Department of Community Services for the city of Columbus, from the order of the court of common pleas sustaining appellees' motion and dismissing appellant's appeal. The primary basis for appellees' motion to dismiss was the case of *Poole* v. *Maloney* (1983), 9 Ohio App. 3d 198. Although appellant has set forth no assignment of error, we will treat her summary of argument as such:

"Pursuant to Ohio Revised Code section 2506.01, an appointing authority of a municipal corporation in his official capacity has the right to appeal a final order of the Municipal Civil Service Commission which orders the reinstatement of an employee."

This court held in *Poole* that the appointing authority had no right of appeal under R.C. 2506.01. In *Poole,* a layoff situation was involved; whereas, in the instant case, there was a disciplinary removal by the appointing authority because appellee-employee had been absent without leave for a period of five days and it was so treated from the inception of the case by the civil service commission. We find that an appeal can be taken by the appointing authority under R.C. 124.34, which section specifically mentions appeals by the appointing authority. Furthermore, R.C. 124.34 is one of the statutes mentioned by appellant in her notice of appeal. Although, as held by this court in *Poole,* there is no right of appeal by the appointing authority under R.C. 2506.01, an appeal may be taken under R.C. 124.34.

For the foregoing reasons, we find that in this case the appointing authority has the right to appeal a final order of the municipal civil service commission and, therefore, appellant's single assignment of error is sustained. The judgment of the court of common pleas is reversed and this cause is remanded.

*Judgment reversed and cause remanded.*

WHITESIDE, P.J., and McCORMAC, J., concur.