IN RE APPEAL OF CITY OF COLUMBUS REGULATIONS ADMINISTRATOR, APPELLANT, *v.* TALBOTT, APPELLEE.

(No. 87AP-86—Decided May 5, 1987.)

*Ronald J. O'Brien,* city attorney, and *James D. Viets,* for appellant.

*Martin, Eichenberger & Baxter Co., L.P.A., Jerry A. Eichenberger* and *Dennis L. Pergram,* for appellee.

FAIN, J. The Regulations Administrator for the city of Columbus ("administrator"), appellant, appeals from the decision of the trial court dismissing his appeal from an order of the Columbus Board of Zoning Adjustment ("board").

Richard Talbott, appellee, the owner of certain real property located in the city of Columbus, submitted building plans and applications for a building permit and a certificate of zoning clearance to the city of Columbus. Subsequently, Talbott received a building permit and certificate of zoning clearance.

Before any construction, however, both parties learned that the building plans submitted contained erroneous information. Consequently, the administrator issued a written revocation of the certificate of zoning clearance; as a result, a written revocation of the building permit that had been issued to Talbott was also issued.

Talbott appealed these revocations to the board, which heard arguments and issued a decision. The portion of the board's decision relevant to this appeal is its finding that Talbott should be entitled to resubmit corrected build-

ing plans and that the administrator should review those plans based on the less stringent parking-space requirement contained in the parking code as it had existed at the time of Talbott's initial submission, rather than upon the more stringent parking requirements in the new parking code that had been enacted by the Columbus City Council in the meantime.

The administrator filed an appeal from the board's decision in the Franklin County Court of Common Pleas pursuant to R.C. Chapter 2506. Upon Talbott's motion, the trial court dismissed the appeal upon the ground that the administrator lacked standing to appeal. From that dismissal, the administrator has appealed to this court.

The administrator's sole assignment of error is as follows:

"The trial court erred in holding that appellant did not have standing to appeal the order of the Columbus Board of Zoning Adjustment and in sustaining the appellee's motion to dismiss."

In *State, ex rel. Broadway Petroleum Corp., v. Elyria* (1969), 18 Ohio St. 2d 23, 32, 47 O.O. 2d 149, 154, 247 N.E. 2d 471, 477, the Supreme Court held as follows:

"* * * [W]here legislation, including the city's charter and its ordinances, has specifically provided for the review by a city board of zoning appeals of the determination of its building inspector in refusing a building permit, neither the building inspector, the city nor its mayor may attack or avoid in judicial proceedings a decision of that board, except as authorized by legislation to do so. * * *"

In that case, the Supreme Court observed that:

"To permit the building inspector to attack the decision of the board of zoning appeals would allow him to nullify the authorized action of his superior authority, the board of zoning appeals. To permit the city to attack the decision of the board in this mandamus proceeding would allow the city to nullify a decision that it had empowered the board to make on its behalf. The same may be said with respect to such an attack by the mayor.

"An important purpose of establishing the board of zoning appeals was to provide a property owner, such as relator, with an administrative review of an adverse decision of the building inspector. That purpose would be defeated if, after the property owner had prevailed in an administrative review, the city or its agents could attack or disregard such favorable decision." *Id.* at 28-29, 47 O.O. 2d at 152, 247 N.E. 2d at 475.

The board in this case is similar to the board of zoning appeals in the *Elyria* case cited above in that the board is empowered by Section 3307.05 of the Columbus City Code to hear and to decide appeals from decisions or determinations made by the administrator and, pursuant to Section 3307.04 of the Columbus City Code, the board's decision is the final administrative decision. Thus, the Columbus City Code has empowered the board to make the ultimate determination on behalf of the city of Columbus with respect to such administrative appeals.

The *Elyria* opinion, *supra,* however, expressly reserved the question of whether R.C. Chapter 2506 authorizes an administrative official, or the city itself, to bring an appeal from an adverse determination of the ultimate administrative authority.[1]

---

[1] It should be noted that the Regulations Administrator for the city of Columbus was the only named appellant in the proceedings in the trial court. Accordingly, the issue is not before us, and we do not decide whether the city of Columbus, itself, would have standing to bring an appeal from a decision of its board of zoning adjustment.

R.C. Chapter 2506, while providing generally for administrative appeals from administrative determinations by political subdivisions, does not deal with the question of who has standing to bring such an appeal. This court was confronted with that question in *Poole* v. *Maloney* (1983), 9 Ohio App. 3d 198, 9 OBR 309, 459 N.E. 2d 247, in which the court held that the Director of the Department of Community Services for the city of Columbus did not have standing to appeal from an order of the Civil Service Commission for the city of Columbus ordering the reinstatement of certain employees within his department. This court, citing *Schomaeker* v. *First Natl. Bank of Ottawa* (1981), 66 Ohio St. 2d 304, 312, 20 O.O. 3d 285, 290, 421 N.E. 2d 530, 537, held that:

"* * * R.C. Chapter 2506 provides for an appeal only by a person directly affected by the decision sought to be appealed. * * * Ordinarily, an administrative officer is not a person whose interests are directly affected by an administrative decision. * * * There is no express statutory right of appeal conferred upon appellee director." (Citations omitted.) *Poole* v. *Maloney, supra,* at 199, 9 OBR at 310, 459 N.E. 2d at 248.

In *Poole,* the putative appellant was the director of a city department who was seeking to challenge an order reinstating three of his employees. The impact upon that director would seem to be greater, and longer lasting, than the impact upon the administrator in the instant case, who was the subject of an order that addressed just one specific matter that he had to determine. Accordingly, if the director in *Poole* was not a person whose interests were directly affected by an administrative decision, then the administrator in the instant case is not such a person for the purposes of R.C. Chapter 2506.

At this point, our analysis would be complete but for *Gold Coast Realty* v. *Bd. of Zoning Appeals* (1971), 26 Ohio St. 2d 37, 55 O.O. 2d 20, 268 N.E. 2d 280. In that case, the Supreme Court held that the city of Cleveland and its commissioner of building could properly appeal the decision of the court of common pleas to which an aggrieved property owner had taken an administrative appeal. The Supreme Court found legislative authorization for the appeal *from* a judgment of the court of common pleas in R.C. 2506.04, which then provided that:

"* * * The judgment of the court may be appealed *by any party* on questions of law pursuant to sections 2505.01 to 2505.45, inclusive, of the Revised Code."[2] (Emphasis added.) (See 127 Ohio Laws 963, 964, 965.)

Significantly, R.C. Chapter 2506 does not address the question of whether the city of Cleveland and its commissioner of building were proper parties to the appeal *to* the court of common pleas.

In *Gold Coast Realty,* the Supreme Court quoted, with approval, the following language in *A. DiCillo & Sons* v. *Chester Zoning Bd. of Appeals* (1952), 158 Ohio St. 302, 305-306, 49 O.O. 135, 136-137, 109 N.E. 2d 8, 10:

" 'It has been argued that the function of the board is to represent the interests of the public; and that,

---

[2] R.C. 2506.04 has been amended, effective March 17, 1987, to read, in pertinent part, as follows:

"* * * The judgment of the court may be appealed by any party on questions of law as provided in the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505. of the Revised Code." (See 141 Ohio Laws, Part II, 3563, 3607.)

therefore, it must, if those interests are to be protected, be allowed to have an interest adverse to the appellee in the instant case.

" 'Admittedly, the board does represent the interest that the public has in having appeals correctly heard and decided and in having proper authorizations on such appeals for variances from the terms of the zoning resolution. However, it does not follow that the board or any of its members as such may become partisans when one of its decisions is questioned on an appeal to a court. *Sufficient partisan representation of any interest of the public in warding off appellate attacks on the decisions of the board can be furnished either by the administrative officer, from whose decision an appeal to the board is authorized by statute,* or by "any person aggrieved or by any officer of the township [other than members of the board as such] affected by any decision of the administrative officer." If no one appeals to the board from a decision of an administrative officer, then the decision of the administrative officer stands. If a proper party does appeal, then a party so appealing is in a position which should enable satisfactory representation of interests of the public which · may be adversely affected by the decision made by the administrative officer. ' (Emphasis added.)" *Gold Coast Realty* v. *Bd. of Zoning Appeals, supra,* at 40-41, 55 O.O. 2d at 22-23, 268 N.E. 2d at 282.

The foregoing rationale suggests a way of reconciling the *State, ex rel. Broadway Petroleum Corp.,* v. *Elyria, supra,* and *Gold Coast Realty* v. *Bd. of Zoning Appeals* opinions. When a private party appeals from a decision of a municipality's ultimate administrative authority, the public's interest in "warding off appellate attacks" upon the decisions of that board is sufficiently compelling to require, let alone permit, that the municipality or appropriate administrative officer thereof be made an appellee for the purpose of *defending* on appeal the ultimate administrative decision on behalf of the municipality. However, where the private parties affected by the ultimate administrative decision on behalf of a municipality do not appeal, it would be incongruous to permit an administrative officer not having the ultimate administrative decision-making authority to appeal to common pleas court from the decision of the body that is empowered to make the final decision on behalf of the municipality, unless that administrative officer is a person directly affected by the order appealed from, within the contemplation of *Poole* v. *Maloney, supra.* Without the specific standing required by *Poole,* an administrative officer of a municipality would merely be representing the interest of the general public in challenging the decision of the body empowered by the municipality to make the ultimate administrative determination; but it is that latter body, and not any other administrative officer, that has been authorized to make the final determination of the public interest on behalf of the municipality.

In summary, while an appropriate administrative officer may have standing to *defend,* as appellee in a judicial forum, the decision of the administrative body authorized to make the ultimate administrative decision on behalf of a municipality, such an officer does not have standing to *attack,* as appellant in a judicial forum, that administrative decision.

In this case, the administrator sought in the Franklin County Court of Common Pleas to attack the decision of the board which was authorized to make the final decision on behalf of the city of Columbus. We hold that the administrator had no standing to main-

tain that appeal as an appellant. Accordingly, the administrator's sole assignment of error is overruled, and the trial court's dismissal of the administrative-related appeal is affirmed.

*Judgment affirmed.*

STRAUSBAUGH, P.J., and BOWMAN, J., concur.

FAIN, J., of the Second Appellate District, sitting by assignment in the Tenth Appellate District.