KASPER, ZONING INSPECTOR, ET AL., APPELLEES, *v.* COURY, APPELLANT.

[Cite as Kasper *v.* Coury (1990), 51 Ohio St. 3d 185.]

(No. 89-849—Submitted April 17, 1990—Decided June 6, 1990.)

*Robert D. Horowitz,* prosecuting attorney, and *Leslie Ann Iams,* for appellees.

*John S. Coury,* for appellant.

Douglas, J. Pursuant to R.C. 519.02, the board of township trustees may adopt zoning resolutions to promote the public health, safety, and morals for the unincorporated territory of a township. For purposes of enforcing zoning resolutions, the trustees may create and employ a township zoning inspector.[1] Likewise, the trustees are vested with the power to appoint members of the board of zoning appeals.[2] R.C. 519.14(A) authorizes the board of zoning appeals to hear and decide appeals from any decision or ruling made by an administrative official in the enforcement of zoning regulations or statutes. Any person aggrieved or any officer of the township affected by the decision of an administrative official can appeal to the board of zoning appeals.[3] As part of its appellate jurisdiction, the board of zoning appeals is often requested to grant a variance from the terms of a township zoning resolution. A variance is a permissible departure from the terms of a township zoning resolution granted by the board of zoning appeals and the board of zoning appeals' decision is the final administrative action. Thereafter, those who seek relief from a board of zoning appeals' decision must, pursuant to R.C. 2506.01, appeal to a court of common pleas. The question we are asked to decide is who can appeal a board of zoning appeals' decision. More specifically, we are asked to determine whether R.C. 519.24 provides a township zoning inspector or township board of trustees the right to appeal a decision of the board of zoning appeals to the court of common pleas. For the reasons that follow, we answer this inquiry in the negative.

R.C. 519.24 provides:

"In case any building is or is proposed to be located, erected, constructed, reconstructed, enlarged, changed, maintained, or used or any land is or is proposed to be used in violation of sections 519.01 to 519.99, inclusive, of the Revised Code, or of any regulation or provision adopted by any board of township trustees under such sections, such board, the prosecuting attorney of the county, the township zoning inspector, or any adjacent or neighboring property owner who would be especially damaged by such violation, in addition to other remedies provided by law, may institute injunction, mandamus, abatement, or any other appropriate action or proceeding to prevent, enjoin, abate, or remove such unlawful location, erection, construction, reconstruction, enlargement, change, maintenance, or use. The board of township trustees may employ special counsel to represent it in any proceeding or to prosecute any actions brought under this section."

Appellant contends that the General Assembly enacted R.C. 519.24 to provide a type of injunctive relief to *prevent violations* of zoning regulations adopted by township trustees. Therefore, urges appellant, the statute should not be construed to create appeal rights for administrative officials where none exists. In support of her position, appellant relies primarily on

---

[1] R.C. 519.16.

[2] R.C. 519.13.

[3] R.C. 519.15.

this court's holding in *State, ex rel. Broadway Petroleum Corp., v. Elyria* (1969), 18 Ohio St. 2d 23, 47 O.O. 2d 149, 247 N.E. 2d 471.

In *Elyria,* paragraph two of the syllabus, we held:

*"Where legislation has specifically provided for review by a city board of zoning appeals* of the determination of its building inspector in refusing a building permit, neither the building inspector, the city nor its mayor *may attack* or avoid a decision of that board in judicial proceedings, *except as authorized by legislation to do so."* (Emphasis added.)

We reached this conclusion and refused to allow the building inspector, the city or the mayor to appeal, reasoning that:

"To permit the building inspector to attack the decision of the board of zoning appeals *would allow him to nullify the authorized action of his superior authority, the board of zoning appeals. To permit the city to attack the decision of the board in this mandamus proceeding would allow the city to nullify a decision that it had empowered the board to make on its behalf.* The same may be said with respect to such an attack by the mayor.

*"An important purpose of establishing the board of zoning appeals was to provide a property owner, such as relator, with an administrative review of an adverse decision of the building inspector. That purpose would be defeated if, after the property owner had prevailed in an administrative review, the city or its agents could attack or disregard such favorable decision."* (Emphasis added.) *Id.* at 28-29, 47 O.O. 2d at 152, 247 N.E. 2d at 475.

The Plain Township Board of Zoning Appeals, like the board of zoning appeals in *Elyria,* is empowered to decide appeals from decisions or rulings made by administrative officials,

and such determination is the *final* administrative action. Hence, as we logically concluded in *Elyria,* to permit administrative officials to *attack* a decision of the board of zoning appeals would allow them to nullify the actions of their superior or nullify a decision that the officials had empowered the board of zoning appeals to make on their behalf. In doing so, such an attack would be illogical where legislative enactment has specifically provided for the ultimate administrative review by the board of zoning appeals.

Appellees do not contest our holding in *Elyria.* However, appellees contend *Elyria* creates an exception and would allow administrative officials the right to appeal if authorized by statute. Appellees argue the language, "* * * any other appropriate action or proceeding * * *," as used in R.C. 519.24, specifically authorizes the township trustees and the zoning inspectors to appeal decisions by the board of zoning appeals. Appellees urge our holding in *Kline* v. *Bd. of Twp. Trustees* (1968), 13 Ohio St. 2d 5, 42 O.O. 2d 3, 233 N.E. 2d 515, is dispositive of this issue. We disagree.

In *Kline,* we held in the syllabus:

"Under the provisions of Section 519.24, Revised Code, a board of township trustees which has from the beginning openly opposed the granting of a variance from the terms of a township zoning resolution adopted by it may properly prosecute an appeal from a judgment of the Court of Common Pleas adverse to it to the Court of Appeals."

Even though, at first glance, our holding in *Kline* appears to support appellees' position, we find the opinion is clearly distinguishable and can be easily reconciled with *Elyria* and the case *sub judice.*

In *Kline,* this court, pursuant to R.C. 519.24, sanctioned the ap-

pearance and participation of the township trustees in the court of appeals who openly opposed from the beginning the granting of a variance and, in doing so, sought to *defend* the decision of the board of zoning appeals. In *Elyria* and in the case presently before us, we deal with attacks by administrative officials on decisions of the board of zoning appeals.

Thus, it is clear to this court that the General Assembly, by enacting R.C. 519.24, intended to provide a type of injunctive relief to *prevent violations* of township zoning regulations. The statute unequivocally provides that when a building or land use violates R.C. 519.01 to 519.99, proceedings may be *commenced* by the board of township trustees, the prosecuting attorney of the county, the zoning inspector or any adjacent or neighboring property owner especially damaged. However, it is equally clear that the General Assembly did not intend to give the township trustees or zoning inspector the right to *attack* decisions of the board of zoning appeals.

There is no question that R.C. Chapter 519 entrusts the appellee township trustees with protecting the public health, safety and morals. Nevertheless, the appellee's responsibility to protect the public interest does not authorize it to act as a representative of the public for the purpose of *opposing* the decision that it had empowered the board of zoning appeals to make on appellee's behalf. The board of zoning appeals is a creature of the township trustees. For the most part, the board of zoning appeals is created to provide a property owner with an administrative review. Oftentimes, the review involves a property owner who either requests a variance from the terms of a zoning resolution or seeks review from a decision of an administrative official. To allow administrative officials the right to attack the actions of their superior, or the decision which the officials had empowered the board of zoning appeals to make on their behalf, would defeat the purpose for which the board of zoning appeals was created.

Accordingly, we conclude that R.C. 519.24 does not explicitly or implicitly authorize a board of township trustees or a township zoning inspector to appeal a decision of the board of zoning appeals. A board of township trustees or a township zoning inspector may have standing to defend a decision of the board of zoning appeals; however, neither township trustees nor zoning inspectors may attack a decision of the board of zoning appeals.

For the foregoing reasons, the judgment of the court of appeals is reversed.

*Judgment reversed.*

MOYER, C.J., SWEENEY, HOLMES, WRIGHT, H. BROWN and RESNICK, JJ., concur.