## Willoughby Hills v. C.C. Bar's Sahara, Inc.
*[Cite as 8 AOA 678]*

*Case No. 90-L-14-048*
*Lake County, (11th)*
*Decided December, 1990*

*Charles E. Coulson, Rosplock, Coulson, Perez & Deeb, Interstate Square Building I, 4230 State Route 306, Willoughby, Ohio 44094 for Plaintiff-Appellant.*

*Jerry Petersen and David M. King, Petersen, Ibold & Wantz, 401 South Street, Chardon, Ohio 44024, for Defendant-Appellee.*

FORD, J.

On November 22, 1989, appellant, City of Willoughby Hills, filed an administrative

appeal pursuant to R.C. 2506.01 with the Lake County Court of Common Pleas. This appeal was from a ruling made by the Board of Building and Zoning Appeals of the City of Willoughby Hills which granted appellee, C.C. Bar's Sahara, Inc., a zoning variance.

On February 14, 1990, appellee filed a motion to dismiss which was approved by the trial court on March 6, 1990. The trial court judge held that the City of Willoughby Hills lacked standing to appeal the decision of its own Board of Building and Zoning Appeals. The trial court judge relied upon the Ohio Supreme Court's ruling in *State, ex rel. Broadway Petroleum Corp. v. Elyria,* (1969), 18 Ohio St. 2d 23, quoting the following passage:

"'To permit the City to attack the decision of the Board *** would allow the City to nullify a decision that it had empowered the Board to make on its behalf.

"'An important purpose of establishing the Board of Zoning Appeals was to provide a property owner *** with an administrative review of an adverse decision of a building inspect or. That purpose would be defeated if, after the property owner had prevailed in an administrative review, the City or its agents could attack or disregard such favorable decision.' See also *In re Appeal of Columbus Regulations Administrator,* (1987), 40 O. App. 3d 48, 51 and cases cited therein."

On April 14, 1990, appellant filed a notice of appeal with this court. On May 15, 1990, appellant also filed a motion to vacate judgment with the trial court pursuant to Civ. R. 60(B)(1). On the same day, appellant filed with this court a motion to remand the case to the trial court based upon the pending Civ. R. 60(B) motion. On July 25, 1990, this court granted appellant's motion and remanded the case to the trial court for a period not to exceed sixty days.

In an August 15, 1990 judgment entry, the trial court denied appellant's motion to vacate and ordered the case returned to this court for further adjudication citing *Kaspar v. Coury* (1990), 51 Ohio St. 3d 185.

In its appeal, appellant raises the following assignment of error:

"The Court of Common Pleas erred in dismissing Appellant's, the City of Willoughby Hills, administrative appeal."

In its sole assignment of error, appellant maintains that the court of common pleas

erred in dismissing its administrative appeal. Appellant asserts that the City of Willoughby Hills has standing to appeal an adverse decision of its Board of Building and Zoning Appeals. Because the common pleas judge relied on *State, ex rel. Broadway Petroleum Corp. v. Elyria* (1969), 18 Ohio St. 2d 123, in dismissing appellant's appeal, it is both appropriate and instructive for our analysis to begin with that case.

In *Broadway Petroleum,* a mandamus action was filed against the City of Elyria in the court of common pleas alleging that the building inspector refused to issue a permit to the petitioner even though the Elyria Board of Zoning Appeals had ordered it be granted. The Ohio Supreme Court held the common pleas court was correct in issuing a writ of mandamus requiring the city, its building inspector and its mayor to give relator the requested permit. The court stated:

"*** [W]here legislation, including the city's charter and its ordinances, has specifically provided for the review by a city board of zoning appeals of the determination of its building inspector in refusing a building permit, neither the building inspector, the city nor its mayor may *attack or avoid* in judicial proceedings a decision of that board, *except as authorized by legislation to do so.* ***" *Id.* at 32 (Emphasis added).

The Supreme Court in *Broadway Petroleum* based its decision on the following observation:

"To permit the building inspector to attack the decision of the board of zoning appeals would allow him to nullify the authorized action of his superior authority, the board of zoning appeals. To permit the city to attack the decision of the board in this mandamus proceeding would allow the city to nullify a decision that it had empowered the board to make on its behalf. The same may be said with respect to such an attack by the mayor.

"An important purpose of establishing the board of zoning appeals was to provide a property owner, such as relator, with an administrative review of an adverse decision of the building inspector. That purpose would be defeated if, after the property owner had prevailed in an administrative review, the city or its agents could attack or disregard such favorable decision." *Id.* at 28-29.

From the outset, it should be noted that while the logic of the Supreme Court in *Broadway Petroleum* is persuasive, that case did not specifically involve an administrative appeal to the court of common pleas pursuant to R.C. 2506.01. Rather, it was a mandamus action forcing the building inspector to give effect to the decision of the Elyria Board of Zoning Appeals. Given this fact, the Supreme Court in *Broadway Petroleum* expressly stated that it was not necessary to consider the question of whether R.C. Chapter 2506 authorized an administrative official, or the city itself, to bring an appeal from an adverse decision made by an administrative agency. *Id.* at 32.

Having determined that the Supreme Court in *Broadway Petroleum* did not address the issue before this court in the instant case, we must now turn our attention to the language of R.C. Chapter 2506. R.C. 2506.01 generally provides for administrative appeals from administrative determinations by political subdivisions. It states, in part:

"Every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department or other division of any political subdivision of the state may be reviewed by the common pleas court ***."

R.C. 2506.01 further provides. that no order is appealable unless it constitutes "a determination of the rights, duties, privileges, benefits, or legal relationships of a specified person."

Unfortunately, while R.C. 2506 clearly provides an adequate basis for determining *what* is appealable, it fails to address the question of *who* has standing to bring such appeal.

The Ohio Supreme Court has held that in order to initiate a direct appeal of an administrative ruling pursuant to R.C. Chapter 2506, the plaintiff must be a person who has been "directly affected" by the decision. *Schomaeker v. First Nat'l Bank* (1981), 66 Ohio St. 2d 304, 311-312. Ordinarily, administrative officials of a municipality are not considered to be directly affected by administrative proceedings, and therefore may not initiate appeals under R.C. 2506.01. See, *Poole v. Maloney* (1983), 9 Ohio App. 3d 198, 199; *In re Appeal of Columbus Regulations Administrator* (1987), 40 Ohio App. 3d 48, 51-

52. Likewise, the Ohio Supreme Court has held that township trustees and township zoning inspectors may not attack decisions of the board of zoning appeals under R.C. Chapter 2506. *Kasper v. Coury* (1990), 51 Ohio St. 3d 185.

Thus it would seem, based upon the above-mentioned authority, that municipal and township officials are not "directly affected" by the decisions of administrative agencies, thus precluded from *initiating* an appeal under R.C. Chapter 2506. However, appellant draws our attention to another Supreme Court case which, under appellant's logic, calls for a different result.

Appellant relies heavily on dictum issued by the Ohio Supreme Court in *Gold Coast Realty v. Bd. of Zoning Appeals* (1971), 26 Ohio St. 2d 37. In *Gold Coast Realty*, the court held that when a property owner appeals to the court of common pleas from a decision of the board of zoning appeals, *and prevails*, the city and its building commissioner, could properly appeal the decision of the court of common pleas, pursuant to R.C. 2506.04.

The import of the *Gold Coast Realty* holding, was clarified in *In re Appeal of Columbus Regulations Administrator, supra*. In that case, the court explained that when a private party appeals the decision of a municipality's board of zoning appeals, the public's interest in "warding off appellate attacks" mandates that the municipality or its appropriate administrative officer be made a party for purposes of *defending* the agency's decision made on behalf of the municipality. However, the court continues, it would be incongruous to hold that he power or "responsibility" to *defend* also confers the authority to *attack* the decisions of the board of zoning appeals which has been empowered by the municipality to make the *ultimate* administrative determination. *Id.* at 51.

Despite the clear implication of the *Gold Coast Realty* holding, appellant, in the instant case, chooses to rely on one sentence excerpted from the dicta issued by the Supreme Court in that case. The court noted:

"*** [T]he General Assembly enacted the Administrative Appellate Procedure Act, R.C. 2506.01 through 2506.04. These sections set forth the procedure for appeals from administrative officers and agencies to the courts. *A perusal of R.C. Chapter 2506 discloses nothing*

*which would prohibit the city or commissioner of building from appealing adverse rulings of the Cleveland Board of Zoning Appeals, so long as such rulings are among those prescribed by R.C. 2506.01."* (Emphasis added).

Appellant maintains that this dictum authorizes *any* city or administrative official to appeal *any* administrative decision, under R.C. Chapter 2506. This line of argumentation is specious because appellant conveniently overlooks the underlying fundamental prerequisite of an R.C. Chapter 2506 administrative appeal. Namely, in order to *initiate* an administrative appeal under R.C. Chapter 2506, the plaintiff must be *directly affected* by the decision of the administrative agency. *Schomaeker, supra.*

While not claiming to be clairvoyant, this writer construes the dicta in *Gold Coast Realty* merely as a recognition of the possibility that a city or administrative official *could* be "directly affected" by an administrative decision, like the private landowner in *Schomaeker, supra.*

Conceivably, lands owned by a municipality or an administrative official *could* be "directly affected" by a variance granted by the board of zoning appeals on an adjacent parcel. In such a situation, and upon such a showing, there is nothing contained in R.C. Chapter 2506 which would prohibit a city or administrative official from appealing the decision. Accordingly, we cannot foreclose the possibility that under such limited circumstances a municipality could be "directly affected" and thus permitted to pursue an appeal under R.C. Chapter 2506. However, we are not faced with this rarity in the instant case.

The foregoing interpretation and analysis of the *Broadway Petroleum* and *Gold Coast Realty* decision is supported by the recent Supreme Court decision in *Kasper v. Coury* (1990), 51 Ohio St. 3d 185. In *Kasper,* the Plain Township Zoning Inspector opposed a zoning variance granted by the Plain Township Board of Zoning Appeals. Accordingly, the zoning inspector sought to initiate an administrative appeal pursuant to R.C. 2506.01, maintaining that R.C. 519.24 expressly provided a zoning inspector or township board of trustees the right to appeal a decision of the board of zoning appeals to the court of common pleas.

R.C. 519.24 provides, in pertinent part:

"In case any building is or is proposed to be located, erected, constructed, reconstructed, enlarged, changed, maintained, or used or any land is or is proposed to be used in violation of sections 519.01 to 519.99, inclusive, of the Revised Code, or of any regulation or provision adopted by any board of township trustees under such sections, *such board,* the prosecuting attorney of the county, the *township zoning inspector,* or any adjacent or neighboring property owner *who would be especially damaged by such violation,* in addition to other remedies provided by law, *may institute injunction, mandamus, abatement, or any other appropriate action or proceeding to prevent, enjoin, abate, or remove such unlawful location, erection, construction, reconstruction, enlargement, change, maintenance, or use".* (Emphasis added).

Relying on *Broadway Petroleum,* the Supreme Court held that while a township zoning inspector or the board of township trustees may have standing to *defend* the decision of the board of zoning appeals, R.C. 519.24 neither explicitly nor implicitly authorizes such persons or entities to *attack* the decisions of the board of zoning appeals. *Kasper, supra,* at 188. The court noted that the language of the provision clearly limits standing to oppose decisions of the board of zoning appeals to those persons who bare *especially damaged by the administrative decision.* The court stated:

"The statute unequivocally provides when a building or land use violates R.C. 519.01 to 519.99, that proceedings [sic] *may be commenced by the board of township trustees, the prosecuting attorney of the county, the zoning inspector or any adjacent or neighboring property owner especially damaged."* (Emphasis added).

Our analysis in the instant case follows this same logic. Section 5.33 of the Charter of the City of Willoughby Hills, under which appellant maintains it may appeal, provides:

"Decisions of the Board of Building and Zoning Appeals shall be final within the Municipality, except that an appeal therefrom may be taken to any court of record in accordance with the laws of the State of Ohio, *by any proper and interested party including the Municipality."* (Emphasis added).

Similar to a board of township trustees under R.C. 519.24, the City of Willoughby

Hills is named as an entity which may be a proper party in an administrative appeal taken to the court of common pleas pursuant to R.C. 2506.01. Clearly, the case law establishes that boards of township trustees and municipalities may *defend* the decisions of their respective boards of zoning appeals. However, when determining who may *attack* such decisions, the relevant statutes and case law limit standing to those persons who are neither "directly affected" *(Schomaeker, supra),* or "especially damaged" (R.C. 519.24), or "proper and interested" (Section 5.33, City of Willoughby Hills Charter).

In the case *sub judice,* appellant, City of Willoughby Hills, cannot be said to be representing anything more than the general interests of the municipality. There is no showing in the record before us that appellant was in any way "directly affected" or "especially damaged" by the decision of its board of zoning appeals. While not foreclosing the possibility that a municipality *could* be so affected or damaged under other circumstances, we hold that appellant does not have standing to appeal the decision of its own board of zoning appeals in the instant case. To rule otherwise would be to encourage debilitating and attritional litigation, thus defeating the very purpose the Board of Building and Zoning Appeals was empowered to serve.

For the foregoing reasons, the judgment of the trial court is affirmed.

CHRISTLEY, P.J., and MAHONEY, J., concur.