The State, ex rel. Kerr, Appellee, *v.* Neitz et al.,
Board of Trustees of Monclova Twp., et al.,
Appellants.

(Decided December 6, 1937.)

*Mr. E. Donald DeMuth,* for appellee.
*Mr. Thomas J. O'Connor,* prosecuting attorney, and
*Mr. Harry Friberg,* for appellants.

Lloyd, J. On April 10, 1937, the appellee, the State
of Ohio, *ex rel.* John E. Kerr, filed a petition in the
Court of Common Pleas against Robert Neitz, John
Lintner and William Black, as the Board of Trustees
of Monclova township, and Reuben Hilty, Raymond J.
Sheahan and John P. Kelly, as the Board of County
Commissioners of Lucas county, for a writ of man-
damus to compel "the opening of a certain road known
as the extension of Crissey road" in Monclova town-
ship.

The allegations of the petition, in substance, are that
on February 23, 1927, the relator filed a petition with
the board of county commissioners for the opening of
a certain road known as the extension of Crissey road,

which petition, accompanied by a bond in the sum of $200, was signed by more than twelve freeholders within the vicinity in which the road is located; that the bond was accepted and the board of county commissioners, by proceedings duly had, ordered that a view of the premises be had on March 14, 1928, at ten o'clock a. m., which time by order of the board was postponed to March 15, 1928, at eleven o'clock a. m., at which time the board viewed the premises, and on that date passed a resolution authorizing the surveyor of Lucas county to make an accurate and detailed report of the improvement; that at an adjourned meeting of the board held on December 17, 1928, the report of the surveyor was adopted and a resolution passed to proceed with the opening of the road, and set the date of April 8, 1929, as the time for hearing claims for damages sustained by any property owner by the opening thereof, and duly caused to be published a notice of the improvement, a copy of which was served upon all affected property owners; that the date of hearing was adjourned to April 22, 1929, and then to May 27, 1929; that only one application for damages was filed and upon hearing thereof the board fixed the damages of the applicant, Albert Grosheim, at $100 and authorized the clerk of the board to order the road opened as soon as the $100 had been paid to the auditor of the county; that thereafter on March 31, 1930, the $100 was paid to the auditor to be held by him for damages to the Grosheim property; that on April 15, 1930, pursuant to the resolution duly passed by the board of county commissioners on May 27, 1929, its clerk ordered the acting Trustees of Monclova township to proceed with the opening of the road; that the township board of trustees, refusing to comply therewith, was again ordered on September 8, 1930, to proceed with the opening of the road, with which order neither it nor its successors in office have complied, and the board of

county commissioners has refused to proceed with the opening of the road in accordance with its resolution of May 27, 1929. It is also alleged that the Lucas county Board of Commissioners has expended approximately $10,000 for culverts for the road, which are not now in use and will become valueless unless the road is opened for use, and that there were on April 15, 1930, and now are, sufficient funds in the treasury of the township and in the possession of the treasurer thereof, for the opening of the road. Upon these facts a writ of mandamus is asked to require each of these boards to proceed with the opening of this road.

The members thereof, as the Board of Trustees of Monclova township, and the individual county commissioners, as the Board of County Commissioners of Lucas county, filed separate demurrers to this petition, each of which the Court of Common Pleas overruled, and, the demurrants not desiring to plead further, judgment was entered thereon in favor of the appellee, relator. From these judgments the appellants, trustees and county commissioners, appealed to this court on questions of law.

The proceedings outlined in the petition are authorized and governed by Section 6860 *et seq.*, General Code. These sections disclose that the power and authority of the board of county commissioners thus invoked is exclusive and can not be shifted by that board to the township board of trustees upon which no power or authority is thereby conferred and no duty imposed. Clearly, the demurrer of the township trustees should have been sustained.

It is contended by appellants that the road has remained unopened for more than seven years "after the order establishing it was made or the authority granted for opening it" and that therefore its opening is now barred by Section 6869, General Code, it being

claimed that the elapsing time must be computed from December 17, 1928, when the county commissioners "by resolution duly passed determined to proceed with the opening of the road," whereas appellee asserts that the seven-year period commenced on April 15, 1930, when "the clerk of the board of county commissioners ordered the then acting Trustees of Monclova township to proceed with the opening of the road * * * in accordance with the resolution duly passed by the board of county commissioners on May 27, 1929."

In other words, if December 17, 1928, is the date from which the seven-year computation is to be made, the demurrer of the county commissioners should have been sustained. If April 15, 1930, is the date from which the limitation is to be reckoned, then the petition of relator was filed in time, and the demurrer was rightly overruled.

Section 6862, General Code, provides in part:

"When the county commissioners are of the opinion that it will be for the public convenience or welfare to locate, establish, alter, widen, straighten, vacate or change the direction of a public road they shall so declare by resolution * * *. When a petition signed by at least twelve freeholders of the county residing in the vicinity of the proposed improvement is presented to the board of county commissioners of any county requesting said board to locate, establish, alter, widen, straighten, vacate or change the direction of a public road, such board of county commissioners shall view the location of the proposed improvement, and if they are of the opinion that it will be for the public convenience or welfare to make such improvement, they may take the action prescribed by this and the succeeding sections and proceed to make such improvement."

Section 6863, General Code, provides that:

"The commissioners shall, in said resolution, fix a

date when they shall view the proposed improvement, and also a date for a final hearing thereof.''

Section 6864, General Code, provides for the publication of notice of the time and place for both such view and hearing.

Section 6865, General Code, provides for a survey of the proposed improvement and report thereof by the surveyor of the county to the county commissioners.

Section 6866, General Code, provides that:

''The commissioners shall at the date of the final hearing on said improvement as hereinbefore fixed cause the report of the surveyor to be read, and they shall hear any testimony * * * offered either for or against going forward with the proposed improvement * * *. If the commissioners find said improvement will serve the public convenience and welfare, they shall by resolution enter such finding on their journal and determine to proceed with the improvement; if not, they shall refuse the improvement.''

Section 6868, General Code, relates to compensation and damages to be paid either from the county treasury or by ''the land owners owning lands within the vicinity'' and provides that upon failure of benefited landowners to pay any such compensation and damages as may be adjudged against them within the time fixed for payment, the county commissioners at their option may abandon the improvement.

Section 6869, General Code, provides that if on the final hearing the commissioners find in favor of the improvement and they determine to proceed therewith a record thereof shall be made by the county surveyor in the proper road records of the county and that ''a road, or part thereof, which remains unopened for seven years after the order establishing it was made or authority granted for opening it, shall be vacated, and

the right to build it pursuant to the establishment in the original proceedings therefor shall be barred.''

A reading of the petition shows clearly that all that was done was in accord with the provisions outlined by statute and, as has heretofore been stated, the question presented is when did the limitations provided in Section 6869, General Code, commence?

Appellants claim the date is December 17, 1928, when the board first considered the application of the twelve petitioners for its opening. Relator claims it commenced on April 15, 1930, when the clerk of the board of county commissioners ordered the then acting trustees of Monclova township to proceed with the opening of the road. The opening of the road was an improvement undertaken by the board of county commissioners pursuant to statutes which gave it exclusive jurisdiction thereover. There was no authority for issuing an order to the trustees of Monclova township to proceed with what it was the duty of the board of county commissioners to do.

Nor do we find among the applicable statutory provisions any requirement or necessity for an additional finding or order to authorize or empower the board of county commissioners, after the payment of the damages, to proceed with the opening of the road as theretofore determined on December 17, 1928.

The petition in effect alleges that all of the statutory provisions were followed and that after the view of the premises by the county commissioners and after receiving the report of the surveyor the county commissioners, by resolution duly passed on December 17, 1928, ''determined to proceed with the opening of the road.'' This is the final hearing and order provided for in Section 6866, General Code, and the time limitation fixed by Section 6869, General Code, then begins. What was thereafter done was ancillary and incidental

to this finding and order which was the "order establishing it * * * or authority granted for opening it."

The finding as to the payment of damages was made May 27, 1929, and payment thereof was made by relator on March 31, 1930. There was then no excuse for the county commissioners to refuse to proceed with the opening of the road, especially in view of the alleged fact, if true, that approximately $10,000 had been spent by the board in the construction of culverts for the proposed improvement, nor was there any excuse for relator waiting until April 10, 1937, to commence an action for a writ of mandamus to compel its completion. Not so long a time was required to complete the opening of one mile of road, nor for relator to determine whether he wanted it done.

With the whys and the wherefores we are not judicially interested. Our sole province is to determine when the limitation period prescribed by Section 6869, General Code, commenced. Our judgment is that it commenced on December 17, 1928, and that, for the reasons given, both of the demurrers should have been sustained.

The judgment of the Court of Common Pleas is therefore reversed and the cause remanded thereto with directions to sustain the demurrers and for further proceedings according to law.

*Judgment reversed and cause remanded.*

CARPENTER, J., concurs.

OVERMYER, J., dissenting. I concur in the finding that the township trustees have no jurisdiction in the matter and that the same rests exclusively with the county commissioners, but dissent from the finding that that statutory seven-year period began to run on

December 17, 1928. Section 6869, General Code, provides:

"A road, or part thereof, which remains unopened for seven years after the order establishing it was made *or authority granted for opening it,* shall be vacated * * *." (Italics ours.)

The same section provides that:

"No road shall be opened up, or property taken, however, until all compensation and damages allowed are paid * * *."

Therefore, the county commissioners did what the statute required them to do, viz.: withheld the final "authority for opening it" until the damages and compensation fixed by them should be paid. When this was paid and the board, through its clerk, then ordered the opening of the road, the statute began to run, as I view the matter. The fact that the order was issued to the wrong parties would not affect the question of limitation.

That the commissioners had not abandoned the improvement because of failure to pay the compensation and damages, as they might have done under Section 6868, General Code, is shown by the allegation in the petition that they proceeded to erect necessary road culverts at a cost of $10,000, which, of course, the demurrer admits.