**SYMMES TOWNSHIP BOARD OF TRUSTEES, Appellant,**

**v.**

**HAMILTON COUNTY BOARD OF ZONING APPEALS et al., Appellees.**

[Cite as *Symmes Twp. Bd. of Trustees v. Hamilton Cty. Bd. of Zoning Appeals* (1996), 110 Ohio App.3d 527.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–950480.

Decided March 27, 1996.

*Wood & Lamping, Robert P. Malloy* and *Amy E. Gasser,* for appellant.

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *John R. Meckstroth, Jr.,* Assistant Prosecuting Attorney, for appellees, Hamilton County Board of Zoning Appeals and Hamilton County Board of Commissioners.

PAINTER, Judge.

On November 9, 1994, the Hamilton County Board of Zoning Appeals ("the board") granted a zoning variance, permitting the construction of a large illuminated sign closer to the roadway than the minimum setback otherwise required by the applicable Hamilton County zoning provisions.

The Symmes Township Board of Trustees ("the trustees") appealed the board decision to the court of common pleas pursuant to R.C. Chapter 2506. The board filed a Civ.R. 12(B)(1) motion to dismiss on the grounds that the trustees lacked standing, which the court granted. The trustees now argue that the trial court erred in holding that they lacked standing to pursue an administrative appeal pursuant to R.C. Chapter 2506. We agree.

R.C. 2506.01 provides for an appeal of an administrative decision if the decision determines "rights, duties, privileges, benefits, or legal relationships of a person * * *." The trustees argue that the grant of the variance (1) affects their rights as an adjoining landowner, and (2) impinges on their duties to maintain township roads in a safe manner.

In *Willoughby Hills v. C.C. Bar's Sahara, Inc.* (1992), 64 Ohio St.3d 24, 31, 591 N.E.2d 1203, 1208, the Supreme Court of Ohio stated that "in the absence of a charter provision or ordinance which expressly provides for appellate review to the common pleas court, the municipality may only defend a decision of the board of zoning appeals on appeal to the common pleas court." Here, the trustees lack statutory authority to file an administrative appeal as a public litigant. See, generally, R.C. 519.24; *Kasper v. Coury* (1990), 51 Ohio St.3d 185, 555 N.E.2d 310.

However, the trustees argue that they have standing as a private party. The trustees claim that case law confers standing upon adjoining property owners to appeal the grant of a variance, citing *Schomaeker v. First Natl. Bank* (1981),

66 Ohio St.2d 304, 20 O.O.3d 285, 421 N.E.2d 530, paragraph two of the syllabus. However, the court in *Schomaeker* established this rule with an eye toward the *effect* of the administrative decision on the property rights of the adjoining landowner. A private party has standing if it can "demonstrate a present interest in the subject matter of the litigation." The *Willoughby Hills* court further limited *Schomaeker's* application to adjacent landowners, stating that the "directly affected" language in *Schomaeker* "merely serves to clarify the basis upon which a *private property owner, as distinguished from the public at large,* could challenge the board of zoning appeals' approval of the variance." (Emphasis added.) Thus, the mere status of the trustees as "owners"[1] of Blong Road is not enough by itself. The issue for private litigants is not whether the complaining landowner's property adjoins the property receiving the variance, but whether that landowner, or any other entity seeking to appeal, is "a person directly affected by the order of the [administrative agency]." *Willoughby Hills,* 64 Ohio St.3d at 26, 591 N.E.2d at 1205. A private litigant has "standing to complain of harm that is unique to himself," as opposed to an entity whose "injury does not differ from that suffered by the community at large." *Willoughby Hills,* 64 Ohio St.3d at 27, 591 N.E.2d at 1205.

The trustees argue that they can complain of harm that is unique to their duties to maintain the township roads in a safe and navigable condition. *White v. Ohio Dept. of Transp.* (1990), 56 Ohio St.3d 39, 564 N.E.2d 462; see R.C. 5571.02, 5571.08 and 5571.09. We agree. The trustees argue that the proposed sign will distract drivers from the roadway and could obstruct the traffic signal at the Blong–Montgomery intersection, and thus have a negative impact on the safety of traffic on the township road. This situation is distinguishable from that in *Bd. of Trustees of Symmes Twp. v. Schmalz* (Aug. 23, 1989), Hamilton App. No. C–

---

1. The parties stipulated that the township "owns" the road. However, much has been written stating that townships are not authorized to own roads because they lack statutory authority to take title to roads. See R.C. 5535.01 (definition of a "township road"); 1961 Ohio Atty.Gen. Ops. No. 2210; *Oberhelman v. Allen* (1915), 7 Ohio App. 251, 26 C.C. (N.S.) 305, 29 C.D. 596. For evidence of authority not granted to townships regarding township roads, see 1986 Ohio Atty.Gen.Ops. No. 86–094 (how public roads are dedicated); 1982 Ohio Atty.Gen.Ops. No. 82–012 (county has exclusive authority to establish township roads); 1956 Ohio Atty.Gen.Ops. No. 6576 (county has exclusive authority to establish township roads); 1930 Ohio Atty.Gen.Ops. No. 2121, at 2–1170 (county has exclusive authority to establish township roads); *State ex rel. Kerr v. Neitz* (1937), 58 Ohio App. 135, 11 O.O. 554, 16 N.E.2d 236 (county cannot transfer authority for establishing public roads to township); *Bigler v. York Twp.,* (1993), 66 Ohio St.3d 98, 609 N.E.2d 529 (attempt to quiet title to abandoned township road is beyond the jurisdiction of the court of common pleas because the exclusive remedy for abandoning township roads is vested in the county).

We can only speculate whether townships in fact do own roads without statutory authority to do so. By statute, townships act as "stewards" with the duty to maintain roads pursuant to R.C. Chapter 5571.

Only municipalities are statutorily granted authority to take title to roads. R.C. 711.07.

880434, unreported, 1989 WL 97456. In that case, a variance was granted to permit the installation of a parking lot next to a restaurant. This court carefully stated that as a general matter, township trustees lack standing "because they possess no legally recognized rights which had been determined or adjudicated." Accordingly, we stated that the trustees lacked standing in *Schmalz* because they "had no legally recognized right determined by the BZA [board of zoning appeals]."

Here, however, the variance affects an affirmative duty of the trustees—to maintain safe, navigable roads. Therefore, the trustees have standing under R.C. Chapter 2506 to appeal the administrative decision granting the variance.

For the reasons stated above, we sustain the sole assignment of error. Accordingly, we reverse the judgment and remand the cause to the trial court for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

HILDEBRANDT, P.J., and SUNDERMANN, J., concur.

