OPINION
{¶ 1} Aaron Matthew Goff ("Aaron"), was born on September 4, 1999. Aaron's mother, Shenna Grimm, was approximately sixteen and one-half years of age at the time of Aaron's conception. The biological father of Aaron is John Goff, Shenna's stepfather. Shenna resided with her mother, Narda Goff, and her stepfather when Aaron was conceived. Shenna claimed that the pregnancy was a result of an artificial insemination procedure that was inflicted upon her by her mother and stepfather.
 {¶ 2} On or about February 8, 2001, the Portage County Department of Job and family Services ("PCDJFS") filed a complaint against Shenna Grimm and John Goff (putative father) as parents of Aaron. The complaint alleged that Aaron was a dependent child. The following day, the court held a shelter care hearing wherein the magistrate found that there were no appropriate relatives for placement and placed Aaron in the interim predispositional custody of PCDJFS. On March 6, 2001, the court conducted an adjudicatory hearing during which Aaron's mother stipulated that her son was a dependent child and that there were no appropriate relatives for placement at that time.
 {¶ 3} Several other parties moved to intervene in the action including appellants, Harold and Leota Goff ("appellants"). Appellants grounded their motion to intervene upon Civ.R. 24(A)(2). In order to premise intervention upon Civ.R. 24(A)(2), a party must demonstrate an interest in the underlying subject of the action. Appellants claimed interest in Aaron's custody, alleging that unless they were made parties to the action, their ability to protect that interest would be impaired or impeded.
 {¶ 4} As a result of the August 7, 2001, dispositional hearing, the court denied appellants' motion to intervene. In the meantime, John Goff was charged with several sexually related criminal offenses arising out of the underlying circumstances of Aaron's conception.
 {¶ 5} Appellants filed objections to the magistrate's decision alleging the court abused its discretion when it denied their motion. In his August 23, 2001, supplemental findings, the magistrate found that the motion to intervene was not well taken and expressed his concern regarding the "complex issues" the child would face were appellants involved in the case. After a hearing on the objections to the magistrate's decision, the court adopted the decision in its November 2, 2001 "journal entry." In sum, the court held that it was not in the best interest of the child for appellants to intervene. Appellants' appeal of the denial of their motion to intervene into Aaron's case is currently pending with this court.
 {¶ 6} On January 7, 2003, PCDJFS filed a motion for permanent custody under a separate case number. On January 10, 2003, Shenna Grimm surrendered permanent custody of Aaron. On February 7, 2003, appellants herein filed a motion to intervene and motion to stay proceedings. However, on February 21, 2003, the trial court denied both motions. On May 2, 2003, the Portage County Court of Common Pleas conducted a hearing regarding Aaron's permanent custody. On May 9, 2003, the court ordered Aaron into the permanent custody of PCDJFS. Appellants now appeal the denial of their motion to intervene and motion for permanent custody.
 {¶ 7} Appellants assign three errors for this court's consideration:
 {¶ 8} "[1.] The trial court erred to the prejudice of the intervenors, Harold and Leota Goff, by denying their motion to intervene.
 {¶ 9} "[2.] The trial court erred to the prejudice of the intervenors, Harold and Leota Goff, by proceeding to hear the merits of a motion for permanent custody while the appeal of the denial of their motion to intervene was pending in the Eleventh District Court of Appeals.
 {¶ 10} "[3.] The trial court erred to the prejudice of the appellants, Harold and Leota Goff, by denying their motion to stay the proceedings."
 {¶ 11} When reviewing an order denying a motion to intervene, the issue is whether the trial court abused its discretion. Peterman v.Village of Pataskala (1997), 122 Ohio App.3d 758, 761. Abuse of discretion implies that the trial court acted in an unreasonable, arbitrary, or unconscionable manner. Blakemore v. Blakemore (1983,5 Ohio St.3d 217, 219. In reviewing a case for an abuse of discretion, an appellate court may not substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621.
 {¶ 12} In light of this standard, appellants assert that the trial court acted in an unreasonable and arbitrary fashion by failing to investigate their motion to intervene. Appellants submit that a court is obligated to carefully consider all information that would impact the child's best interests. Moreover, a court has the discretion to review familial input of the grandparents and determine whether the child's best interests would be served by a continued relationship with them. In reAdoption of Ridenour (1991), 61 Ohio St.3d 319, 331, Holmes, J., concurring in part and dissenting in part. In denying appellants' motion, the court did not seek appellants' input. Therefore, appellants maintain the court abused its discretion.
 {¶ 13} Appellants assert a right to intervene in the permanent custody proceedings pursuant to former Juv.R. 2(X) and Civ.R. 24. Former Juv.R. 2(X), now Juv.R. 2(Y) states that one is a "party" to juvenile proceedings if he or she is a, "child who is the subject of the juvenile court proceeding, the child's spouse, if any, the child's parent or parents, or if the parent of a child is a child, the parent of that parent, in appropriate cases, the child's custodian, guardian, or guardian ad litem, the state, and any other person specifically designated by the court." Under this definition, appellants are not "parties" to the underlying juvenile proceedings. However, a juvenile court may use Civ.R. 24 as a guide to the exercise of its discretion for joining parties under Juv.R. 2(X). In re Byerly (Sept. 30, 1998), 11th Dist. Nos. 97-P-0096 and 97-P-0097, 1998 Ohio App. LEXIS 4630, at 11.
 {¶ 14} Civ.R. 24(A)(2) requires a party to demonstrate an interest in the proceedings before he or she is permitted to intervene as of right. In the current matter, appellants maintain they have an interest in the custody of Aaron that would be impaired and not adequately represented by existing parties. Although appellants state an interest in the proceedings into which they seek intervention, they do not explain how their interest necessarily corresponds with Aaron's best interests.
 {¶ 15} At common law, grandparents had no legal rights of access to their grandchildren. In re Whitaker (1988), 36 Ohio St.3d 213, 214. Moreover, grandparents have no current constitutional right of association with their grandchildren. See, In re Schmidt (1986),25 Ohio St.3d 331, 336. However, "[i]ntervention by grandparents in a permanent custody proceeding is appropriate where the grandparents have alegal right to or a legally protectable interest in custody orvisitation with their grandchild, where the grandparents have stood in loco parentis to their grandchild, or where the grandparents have exercised significant parental control over, or assumed parental duties for the benefit of, their grandchild. Where any of these circumstances are present, a denial of the grandparents' motion to intervene would constitute an abuse of discretion." Id. at 338, Celebreeze, C.J., concurring. (Emphasis added.)
 {¶ 16} None of the litany of circumstances listed above apply to the current case. Although appellants assert that the court would be unable to determine Aaron's best interest without their presence, they fail to state how their presence is a necessary condition for the court's determination of his best interests. Further, with respect to custody proceedings, a court is required to join only those parties with colorable rights to custody or visitation. In re Hoffman (Mar. 3, 2003), 5th Dist. Nos. 2002-CA-0419 and 2002-CA-0422, 2003 Ohio App. LEXIS 1156, at 6. In the current matter, there is no evidence to reasonably indicate that appellants have a right to custody or visitation with Aaron. In particular, appellants never obtained, prior to their motion to intervene, through statute, court order, or other means, any legal right to custody or visitation with their grandson. Moreover, they have no legal interest in the case which would allow them to intervene as of right pursuant to Civ.R. 24(A).
 {¶ 17} Moreover, in his February 21, 2003 journal entry, the judge indicated that, "it is not in the best interests of the child * * * to permit Harold and Leota Goff to Intervene and seek custody of this child. The Court finds that to permit Harold and Leota Goff to intervene and allow them to seek legal custody is against public policy." Although the court does not point to a specific public policy, the record indicates that Aaron's conception was a result of a rape perpetrated by John Goff, appellants' son. John Goff was subsequently convicted of two counts of rape, two counts of sexual battery, and one count of child endangering as a result. At the permanent custody hearing, a social worker for PCDJFS testified that appellants supported their son's innocence and believed that Shenna Grimm, Aaron's biological mother and John Goff's stepdaughter, was lying as to the nature of Aaron's conception. Due to the peculiar nature of Aaron's conception and appellants' ostensible support of their son as it relates to his participation in said conception, the court's public policy justification for denying appellants' motion to intervene is neither arbitrary nor unreasonable.
 {¶ 18} Nevertheless, appellants note, "[i]n considering the best interests of Aaron Goff the [t]rial [c]ourt has the discretion to review the familial input of the grandparents and to determine whether the best interest of the child would be served by some type of continued relationship with them." Although the court has the discretion to review familial input, its failure to do so can be disturbed only by an abuse of that discretion. As discussed in the preceding paragraph, the court's public policy basis for denying appellants' motion to intervene was neither arbitrary nor unreasonable. Even were we to ignore appellants' failure to assert sufficient evidence to intervene as of right, the trial court offered a rational justification for overruling appellants' motion to intervene. Therefore, appellants' first assignment of error is without merit.
 {¶ 19} Because appellants' second and third assignments of error are related, we shall address them together. In effect, these mutual assignments take issue with the court's failure to stay the permanent custody proceedings while appellants' appeal of their exclusion from the temporary custody proceedings was pending. The determination of whether to issue a stay rests within the trial court's sound discretion and will not be disturbed on appeal absent an abuse of discretion. 1799-1873 BeallAve. Co., Inc. v. Cleveland Bd. of Bldg. Stds. Bldg. Appeals (Mar. 16, 2000), 8th Dist. Nos. 757837, 75917, 2000 Ohio App. LEXIS 1032, at 4.
 {¶ 20} By way of background, the trial court, after denying appellants' motion to intervene in the temporary custody proceedings, awarded temporary custody to PCDJFS. Under R.C. 2151.353(F), "[a]ny temporary custody order * * * shall terminate one year after the earlier of the date on which the complaint in the case was filed or the child was first placed into shelter care * * *." The conclusion of this one year period is known as the "sunset date." Under R.C. 2151.353(G)(1)-(3), a party may seek up to two six month extensions to the one year sunset date. In the current matter, PCDJFS filed its complaint on February 8, 2001. On May 2, 2003, more than two years after the initial complaint, a hearing was held regarding Aaron's permanent custody. On May 9, 2003, the court awarded custody to PCDJFS. Although appellants requested a stay of the proceedings the court found that a stay was not in the best interest of the child. In doing so, it emphasized Aaron's need for a secure permanent placement. This justification is both valid and reasonable under the circumstances and does not evidence an abuse of discretion.
 {¶ 21} However, even if the basis for the court's decision were inadequate, appellants cannot demonstrate prejudice. To wit, the purpose of a permanent custody proceeding is to determine whether parental rights should be terminated. At the time of the permanent custody hearing, Aaron's biological mother had previously surrendered her parental rights. Thus, the hearing focused strictly upon whether John Goff's parental rights should be terminated. During the hearing, the PCDJFS social worker handling the case testified that Mr.Goff had no contact with Aaron in the past twenty-six months. She also testified that Aaron will be an adult before Mr. Goff has completed his twenty year sentence.
 {¶ 22} In determining Aaron's best interests, the lower court found, by clear and convincing evidence that R.C. 2151.414(E)(7)[1]
applied to the instant matter. As such, the court was required to, "enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent[.]" R.C.2151.414(E). Neither appellants' presence nor their absence would have affected the trial court's finding to terminate John Goff's parental rights. As such, appellant's inclusion in the proceedings would be inconsequential.
 {¶ 23} Moreover, appellants cite State ex rel. Fire Marshall v.Curl (2000), 87 Ohio St.3d 568 for the principle that a party who gives adequate supersedeas bond is entitled to a stay of judgment as a matter of right. Appellants claim that because they filed several motions to stay, all of which were denied, the trial court violated their rights.
 {¶ 24} In Curl, a common pleas judge ordered the state fire marshal to issue a fireworks license to the intervenors in the matter. The trial judge denied the fire marshal's motion for stay pending appeal and set the matter for contempt proceedings. The Supreme Court of Ohio ruled that the fire marshal was entitled to stay the common pleas judgment as a matter of right pursuant to Civ.R. 62(B) and (C). As such, the Curl decision requires a court to grant a motion to stay trial court proceedings while an appealable order, in the same case, is appealed and the requisite supersedeas bond is given. The current case is fundamentally different.
 {¶ 25} Appellants appealed the trial court's August 23, 2001, denial of their motion to intervene in the temporary custody proceeding. The case in which that denial occurred was a separate proceeding from that which is currently under consideration. Specifically, the trial court, after denying appellants' motion and granting temporary custody of Aaron to PCDJFS, began permanent custody proceedings under a different case number. Because the temporary custody proceedings and the permanent custody proceedings were separate cases brought under separate case numbers, the trial court was not required to grant a stay pursuant to Civ.R. 62.[2]
 {¶ 26} For the foregoing reasons, appellant's second and third assignments of error are overruled.
 {¶ 27} In sum, we hold that the trial court did not abuse its discretion in denying appellants' motion to intervene and motion to stay. Therefore, the decision of the Portage County Court of Common Pleas, Juvenile Division is affirmed.
Judgment affirmed.
DONALD R. FORD, P.J., and WILLIAM M. O'NEILL, J., concur.
[1] In determining the "best interests" of the child, R.C. 2151.414(D) requires the trial court to consider, inter alia, whether any factor in R.C. 2151.414(E)(7) to (11) is applicable. The trial court found that R.C. 2151.414(E)(7)(d) applied to the current case; under that subsection, the court found that Mr. Goff had been convicted of an offense under R.C 2907.02 (i.e. rape) and R.C 2907.03 (i.e. sexual battery).
[2] Although appellants indicate they were entitled to a stay of proceedings pursuant to Curl, there is no evidence that they met conditions of a Civ.R. 62 stay. That is, there is no evidence that appellants put forth the requisite bond to trigger the rule.