OPINION
{¶ 1} Newbury Township is adjacent to Burton Township in rural Geauga County, Ohio. Newbury, ("Newbury"), appeals the June 23, 2003 judgment of the trial court, overruling Newbury's motion to intervene in an appeal from a Burton Township Board of Zoning Appeals decision.
 {¶ 2} In August 2000, appellees, DR Properties and Shalersville Asphalt Company applied to Burton Township Board of Zoning Appeals ("BZA"), seeking variances, conditional use permits and other relief, in order to build and maintain an asphalt plant within Burton Township. The BZA denied appellees' application. On September 10, 2002, appellees filed an appeal of the BZA decision in the Geauga County Court of Common Pleas, pursuant to R.C. 2506.01. Newbury filed a motion to intervene with the trial court, pursuant to Civ.R. 24(A)(2) on May 13, 2003, contending it should be permitted to intervene in the action to protect its interests. Attached to the motion was a letter from the plaintiffs presented to Burton Township, offering potential settlement alternatives. The trial court denied Newbury's motion on June 23, 2003, and Newbury timely appealed the matter.
 {¶ 3} Newbury presents a single assignment of error on appeal:
 {¶ 4} "The common pleas court erred to the prejudice of intervenor-applicant appellant in overruling its motion to intervene in the administrative appeal."
 {¶ 5} In assigning error, Newbury contends the trial court erred in denying their motion to intervene as Newbury's interests would not be adequately represented by the existing parties, and Newbury possesses both public and private standing to appeal the decision of the Burton Township BZA.
 {¶ 6} R.C. 2506.01 governs the right to an administrative appeal of a zoning decision and provides for the right to an appeal if the party seeking to appeal can demonstrate that the underlying decision determines, "rights, duties, privileges, benefits, or legal relationships of a person * * *." An appellate court must determine whether the trial court abused its discretion in denying a motion to intervene made pursuant to Civ.R. 24. (Citation omitted.) In re Goff, 11th Dist. No. 2003-P-0068, 2003-Ohio-6087, at ¶ 11. A trial court abuses its discretion when it acts in an unreasonable, arbitrary, or unconscionable manner. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 7} Civ.R. 24(A) provides that upon timely application a party shall be permitted to intervene in an action when: (1) the party claims an interest relating to the property or transaction which is the subject of the action and (2) the party is so situated that the disposition of the action may, as a practical matter, impair or impede the party's ability to protect its interest, and (3) the party's interests are not adequately represented by the existing parties. See Civ.R. 24(A).
 {¶ 8} Newbury seeks intervention, not as an individual property owner but, rather, as an adjoining township board seeking to protect its interests. Newbury characterizes its interests as two-fold: (1) its interest as a public entity to ensure the health and safety of its residents, and its ability to enforce its own zoning ordinances; and (2) its interests as a private litigant in protecting the township from adverse impact and injury. However, the interests asserted are distinctly public in nature: the right to ensure the health and safety of its residents, protect its roadways and infrastructure, and prevent overburdening of the township's safety forces.
 {¶ 9} In Schomaeker v. First Natl. Bank of Ottawa (1981),66 Ohio St.2d 304, 311-312, the Supreme Court of Ohio held that in order to have standing in an R.C. 2506 appeal, the party must meet the "directly affected" requirements. In other words, in order to bring a direct appeal of an administrative order, the party must be directly affected by the decision of the administrative body. Id.
 {¶ 10} However, the court subsequently held that the "directly affected" requirement could be properly applied to a municipality. Willoughby Hills v. C.C. Bar's Sahara, Inc.
(1992), 64 Ohio St.3d 24, 27. In Willoughby Hills, the court held:
 {¶ 11} "The `directly affected' language in Schomaeker
merely serves to clarify the basis upon which a private property owner, as distinguished from the public at large, could challenge the board of zoning appeals' approval of the variance. The private litigant has standing to complain of harm which is unique to himself. In contrast, a private property owner across town, who seeks reversal of the granting of a variance because of its effect on the character of the city as a whole, would lack standing because his injury does not differ from that suffered by the community at large."
 {¶ 12} Thus, the nature of the "directly affected" test is such that its applicability is limited to individual property owners and whether they possess standing to appeal a zoning decision. Whether a township or other public entity has standing to bring a R.C. 2506 appeal necessitates a different analysis. Thus, in Willoughby Hills, the court concluded:
 {¶ 13} "[T]here is absolutely no reason to limit the municipality's standing through the use of a `directly affected' test and thereby preclude it from initiating an appeal under R.C. *** 2506.
 {¶ 14} "R.C. 2506 makes no mention of a `directly affected' requirement. Instead, the statute applies to `[e]very final order.'" Id. at 28.
 {¶ 15} Therefore, the court held that a municipality's ability to bring an appeal is not limited to the "directly affected" analysis. However, the holding of that case was limited to the narrow issue of a municipality appealing a zoning decision made by the municipality's own zoning board, and not a decision by an adjacent township's zoning board. (Emphasis added.)
 {¶ 16} Within its motion to intervene, Newbury relied upon the First Appellate District's holding in Symmes Twp. Bd. ofTrustees v. Hamilton Cty. Bd. of Zoning Appeals (1996),110 Ohio App.3d 527, for the proposition that a township has standing to appeal under R.C. 2506 because they had an affirmative duty to maintain safe, navigable roads, and the zoning board's decision could have a negative impact on the safety of traffic on the township road.
 {¶ 17} In Symmes, the appellate court determined that a board of township trustees had standing to intervene as a party in a zoning appeal based upon the board's duty to protect public health, safety, and morals. However, in that case the zoning decision was determined by the Hamilton County Board of Zoning Appeals, within which the appellant-board of trustees was located. Thus, the real property at issue was located within thetownship seeking to appeal a zoning decision rendered by the county in which the township was located. Hence, courts have recognized a township's right to intervene in a zoning appeal in discrete, limited circumstances.
 {¶ 18} In the instant case, the real property at issue is not located within the boundaries of Newbury Township but, rather, is located in an adjacent township. Moreover, the real property at issue is not directly adjacent to real property located in Newbury Township. The trial court held if Newbury owned property within Burton Township or if the real property at issue was on land adjacent to property owned by Newbury Township, it would then have a right to appeal pursuant to R.C. 2506.
 {¶ 19} Thus, the trial court concluded that Newbury lacked any "legal interest" in the matter at hand that would warrant intervention as a party in the appeal. The trial court further found: "[T]his Court does not agree that a duty to maintain a road or street is a sufficient basis for permitting one political subdivision to intervene in an appeal from another political subdivision's board of zoning appeals."
 {¶ 20} A motion to intervene and its accompanying memorandum in support must state the grounds for intervention. In other words, the party seeking to intervene must demonstrate, "a present interest in the subject matter of the litigation which has been prejudiced by the judgment of the lower court." (Citation omitted.) Willoughby Hills, supra.
 {¶ 21} In its motion to intervene, Newbury asserted that the rights it is seeking to vindicate are those "suffered by the public at large" and not those of a single litigant. Thus, Newbury asserts it must be allowed to intervene as a governmental entity with an interest in the health and safety of its residents. Newbury further contends the impact of the proposed asphalt plant on Newbury's traffic, air quality and safety forces is one that is public, not private, in nature and is not adequately addressed by the current parties to the litigation.
 {¶ 22} A generalized affirmative duty to provide for the safety and welfare of a township's citizens alone is not sufficient to warrant intervention in a zoning appeal by an adjacent township. In Bd. of Township Trustees v. Miamisburg
(May 16, 1983), 2d Dist. No. CA8086, 1983 Ohio App. LEXIS 14058, the Second Appellate District held that a township did not have standing to challenge a zoning ordinance enacted in an adjacent municipality. In that case, the city of Miamisburg annexed property located within Miami Township and subsequently passed zoning ordinances regarding the annexed property. The Township filed a declaratory judgment action, asserting the ordinances would place a burden on the township in the form of increased traffic, a negative impact on water and air quality, increased sound pollution, and a reduction in tax revenues. The Second District concluded the Township lacked standing to challenge the ordinance, as issues of air and water quality were issues to be managed by the county health department and were not the duties of the Township. Id. at 5-6.
 {¶ 23} In the instant case, Newbury Township has asserted that the building and maintenance of an asphalt plant in neighboring Burton Township could have an adverse impact on its ability to ensure quality roadways, air quality and zoning restrictions. Newbury contends that if the proposed variance were permitted it would dramatically increase the amount of large truck traffic on Newbury Township roads which would in turn increase maintenance costs and compromise safety. Newbury also asserts an additional burden may be placed on Newbury Township safety forces if their services were required.
 {¶ 24} It is our view that the holding in Miamisburg is apposite in the instant case. The health and safety issues raised by Newbury are akin to the generalized public welfare concerns espoused by Miami Township. Newbury asserts no particularized duty on its part which would confer a legal interest or provide Newbury with standing to intervene in the instant matter. Therefore, we conclude that the trial court did not err in denying Newbury's motion to intervene in contravention to Civ.R. 24(A), as Newbury has not presented "a present interest in the subject matter of the litigation which has been prejudiced by the judgment of the lower court." Newbury's assignment of error is not well taken.
 {¶ 25} Based on the foregoing, Newbury's motion to stay all proceedings in the underlying administrative appeal granted by this court is hereby dissolved and the judgment of the Geauga County Court of Common Pleas is affirmed.
Christley, J., concurs, O'Neill, dissents with Dissenting Opinion.