DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellants, the City of Macedonia, the City of Twinsburg, Twinsburg Township Trustee and resident William LaFaiver, William Cade, and Carol Gasper, appeal from the decision of the Summit County Court of Common Pleas, which (1) denied the "Motion Of William Cade and Carole Gasper Members Of The Twinsburg Township Zoning Commission And Residents Of The Township To Intervene," and (2) granted the "Motion To Dismiss Appeal For Lack Of Standing" filed by appellee Kimble Transfer and Recycling ("Kimble"). This Court affirms.
 I. {¶ 2} This matter arose from an administrative decision issued by the Twinsburg Township Board of Zoning Appeals ("the BZA") on or about April 14, 2005. In its decision, the BZA granted a conditional use permit to Kimble for a waste transfer facility to be located on Chamberlain Road, Twinsburg Township, Ohio.
 {¶ 3} Appellants appealed the decision of the BZA to the Summit County Court of Common Pleas pursuant to Chapter 2506 of the Revised Code. Kimble successfully intervened in the appeal as a third-party appellee to support the decision of the BZA. Once appellee Kimble was permitted to intervene, it moved the trial court to dismiss the appeal for lack of standing. Shortly thereafter, two residents of Twinsburg Township and members of the Township's Zoning Commission, William Cade and Carol Gasper, filed a motion to intervene as appellants. In response, Kimble filed a memorandum in opposition asking the trial court to deny Cade and Gasper's motion to intervene.
 {¶ 4} The trial court denied Cade and Gasper's motion to intervene and granted Kimble's motion to dismiss the appeal for lack of standing. Appellants timely appealed, setting forth three assignments of error for review.
 II. FIRST ASSIGNMENT OF ERROR
"THE COURT OF COMMON PLEAS ERRED IN ITS JUDGMENT THAT THE CITY OF MACEDONIA AND THE CITY OF TWINSBURG DO NOT HAVE STANDING TO APPEAL THE DECISION OF THE TWINSBURG TOWNSHIP BOARD OF ZONING APPEALS."
 {¶ 5} In their first assignment of error, appellants contend that the trial court erred in ruling that the City of Macedonia and the City of Twinsburg lacked standing to appeal the decision of the BZA. This Court disagrees.
 {¶ 6} In Schomaeker v. First Natl. Bank of Ottawa (1981),66 Ohio St.2d 304, 311-312, the Supreme Court of Ohio held that in order to have standing in an R.C. Chapter 2506 appeal, the party must be directly affected by the decision of the administrative body. However, the court subsequently held that the "directly affected" requirement could be properly applied to a municipality only if the municipality was challenging the decision of its own zoning board. D R Properties v. Twp. ofBurton, 11th Dist. No. 2003-G-2523, 2004-Ohio-6939, at ¶¶ 10-15, interpreting Willoughby Hills v. C.C. Bar's Sahara, Inc.
(1992), 64 Ohio St.3d 24, 27-28. The court held that if a municipality is challenging a decision of its own zoning board, its ability to bring the appeal is not limited to the "directly affected" analysis. Id.
 {¶ 7} In D R Properties, the Eleventh Appellate District held that a political subdivision's duty "to provide for the safety and welfare" of its citizens generally is not a sufficient legal interest "to warrant intervention in a zoning appeal of an adjacent township." Id. at ¶ 22, citing Bd. of Twp. Trustees v.Miamisburg (May 16, 1983), 2d Dist. No. CA8086. Appellants argue that D R Properties is distinguishable because it involved a motion to intervene rather than a motion to dismiss. However, appellants' argument is without merit. In D R Properties, the court applied the basic legal principles for standing in an appeal under R.C. Chapter 2506 to determine if Newbury Township had standing to intervene.
 {¶ 8} Macedonia and the City of Twinsburg filed suit not as individual property owners but, rather, as adjoining township boards seeking to protect their interests. Macedonia argues that it will be adversely affected by the BZA's decision because (1) it will increase the flow of traffic through Macedonia; (2) the proposed facility will serve as a nuisance to Macedonia by releasing an enormous amount of odor and attracting pests; (3) the facility will create environmental concerns; and (4) property values in Macedonia will be effected. The City of Twinsburg argues it will be adversely affected in the same ways. In addition to asserting the same concerns, the City of Twinsburg argues that granting the application to Kimble will interfere with its development of land in the area. However, the interests asserted by Macedonia and the City of Twinsburg are distinctly public in nature: the right to ensure the health and safety of their residents, and protect their roadways and infrastructure.
 {¶ 9} This Court finds that the holdings in D RProperties and Miamisburg are appropriate in the instant case. The health and safety issues raised by Macedonia and the City of Twinsburg are similar to the generalized public welfare concerns espoused by Newbury Township and Miami Township. Macedonia and the City of Twinsburg assert no particularized duty on their part which would confer a legal interest or provide Macedonia and the City of Twinsburg with standing to intervene in the instant matter. Therefore, this Court concludes that the trial court did not err in granting Kimble's motion to dismiss with respect to the City of Macedonia and the City of Twinsburg. Appellants' first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR
"THE COURT OF COMMON PLEAS ERRED IN ITS JUDGMENT THAT TWINSBURG TOWNSHIP RESIDENT AND BOARD OF TRUSTEES MEMBER WILLIAM LAFAIVER[1] DOES NOT HAVE STANDING TO APPEAL THE DECISION OF THE TWINSBURG TOWNSHIP BOARD OF ZONING APPEALS."
 {¶ 10} In their second assignment of error, appellants argue that the trial court erred in finding that William LaFaiver did not have standing to appeal the decision of the BZA. Mr. LaFaiver's argument lacks merit.
 {¶ 11} In Kasper v. Coury (1990), 51 Ohio St.3d 185, 188, the Supreme Court of Ohio held:
"[W]e conclude that R.C. 519.24 does not explicitly or implicitly authorize a board of township trustees or a township zoning inspector to appeal a decision of the board of zoning appeals. A board of township trustees or a township zoning inspector may have standing to defend a decision of the board of zoning appeals; however, neither township trustees nor zoning inspectors may attack a decision of the board of zoning appeals."
 {¶ 12} The underlying appeal to the trial court was filed on behalf of "William LaFeiver, Twinsburg Township Trustee, Twinsburg Township, 9833 Ravenna Road, Twinsburg Township, Ohio 44087." Therefore, Mr. LaFaiver had no standing to appeal the decision of the BZA in his capacity as a trustee of Twinsburg Township. Id.
 {¶ 13} Appellant LaFaiver further argues that, assuming he lacked standing to appeal the decision of the BZA in his official capacity, he had standing to challenge the BZA's decision as a private litigant. This Court disagrees.
 {¶ 14} In Willoughby Hills, 64 Ohio St.3d at 27, the Supreme Court of Ohio discussed the issue of when a private party has standing to appeal pursuant to R.C. Chapter 2506:
"The `directly affected' language in Schomaeker merely serves to clarify the basis upon which a private property owner, as distinguished from the public at large, could challenge the board of zoning appeals' approval of the variance. The private litigant has standing to complain of harm which is unique to himself. In contrast, a private property owner across town, who seeks reversal of the granting of a variance because of its effect on the character of the city as a whole, would lack standing because his injury does not differ from that suffered by the community at large. The latter litigant would, therefore, be unable to demonstrate the necessary unique prejudice which resulted from the board's approval of the requested variance."
A review of the record shows that Mr. LaFaiver failed to establish that he has suffered from a specific harm that is "unique to himself" and is different "from that suffered by the community at large." Id. At the hearing before the BZA, Mr. LaFaiver testified regarding the overall impact of the proposed transfer station upon the township as a whole and upon the neighboring communities. Mr. LaFaiver did not testify regarding what impact the proposed transfer station would have either upon him or his property. Mr. LaFaiver, therefore, lacked standing. Accordingly, appellants' second assignment of error is overruled.
 THIRD ASSIGNMENT OF ERROR
"THE COURT OF COMMON PLEAS ERRED WHEN IT FOUND THAT TOWNSHIP ZONING COMMISSION MEMBERS WILLIAM CADE AND CAROL GASPER COULD NOT INTERVENE AS APPELLANTS BECAUSE THEY DID NOT FILE A TIMELY NOTICE OF APPEAL UNDER R.C. 2505.07"
 {¶ 15} In their third assignment of error, appellants contend that the trial court erred in denying the motion to intervene filed by Cade and Gasper. Based upon this Court's finding that the City of Macedonia, the City of Twinsburg, and LaFaiver lacked standing to appeal the BZA's decision, we find that the trial court's jurisdiction was never properly invoked. Therefore, there was no viable action in which Cade and Gasper could intervene. Appellants' third assignment of error is overruled.
 III. {¶ 16} Appellants' three assignments of error are overruled. The decision of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellants.
Slaby, P.J., Boyle, J., concur.
[1] This Court notes that throughout the underlying action, the spelling "LaFeiver" is used. However, since all parties use the spelling "LaFaiver," throughout the appeal, this Court will use "LaFaiver."