OPINION
{¶ 1} Appellants, Jacob and Mary Anne Haser, appeal from the September 26, 2005 judgment entry of the Portage County Court of Common Pleas, Juvenile Division, overruling their motion to intervene.
 {¶ 2} On March 3, 2005, appellee, Jonathan L. Brokaw, filed a "Complaint To Establish Paternity, To Determine Custody, To Determine Visitations Rights, And To Set Child Support." On April 15, 2005, defendant, Naomi Haser, the biological mother of Tara J. Haser ("the minor child"), d.o.b. April 26, 2004, filed an answer and counterclaim, admitting that appellee is the biological father of the minor child, but that the minor child should remain in her custody.[1]
 {¶ 3} A hearing was held before the magistrate on April 15, 2005. Based on his April 18, 2005 decision, the magistrate indicated that a parent-child relationship exists between appellee and the minor child, that he should be added as the father to the minor child's birth record, and that defendant should remain as the minor child's residential parent and legal custodian pending any further order from the court. The magistrate determined that the matter would be reset for hearing on all remaining issues.
 {¶ 4} On April 26, 2005, appellants, the maternal grandparents of the minor child, filed a motion to intervene.
 {¶ 5} On June 22, 2005, a hearing was held before the magistrate on all remaining issues.[2] Pursuant to his June 22, 2005 decision, the magistrate stated that the parties read into the record their agreement regarding the implementation of a shared parenting plan.[3] In the interim, the magistrate determined that the minor child should be placed in the temporary custody of appellee.
 {¶ 6} On July 6, 2005, a hearing on appellants' motion to intervene was held before the magistrate. At that hearing, appellee appeared in court with counsel, appellants were present with their representative, but defendant did not attend. Appellants' counsel indicated that appellants, as the minor child's maternal grandparents, have had a significant impact on her life by regularly visiting her as well as supporting their daughter, defendant. He stated that in January of 2005, appellants had discussions with defendant and that a notarized letter gave them temporary legal custody of the minor child. Appellants' representative said that defendant signed a power of attorney over to appellants on February 23, 2005.[4] He maintained that appellants were in loco parentis and that they had standing to intervene.
 {¶ 7} According to appellee's attorney, appellee appreciates appellants' involvement in the minor child's life, does not intend to keep them from the minor child, is not "unsuitable," and, thus, opposes appellants' motion to intervene.
 {¶ 8} Pursuant to his July 7, 2005 decision, the magistrate ordered that appellants' motion to intervene be denied. He determined that nothing in their motion or in the arguments of their counsel at the hearing addressed the threshold issue of parental unsuitability as required by Hockstok v. Hockstok,98 Ohio St.3d 238, 2002-Ohio-7208.[5]
 {¶ 9} On July 18, 2005, appellants filed objections to the magistrate's July 7, 2005 decision. On August 5, 2005, appellee filed a motion to dismiss appellants' objections to the magistrate's decision, alleging that appellants did not have standing.
 {¶ 10} On September 20, 2005, a hearing on appellants' objections commenced before the trial court judge. At that hearing, appellants, appellee, and defendant were all present and represented by counsel.
 {¶ 11} Initially, the trial court judge stated that appellants' counsel failed to plead in the motion to intervene that the parents are unsuitable. Appellants' representative replied that the motion to intervene included issues to show unsuitability based on the parents' behavior and mental health issues. Appellants' counsel requested an opportunity for appellants to be made parties to the action.
 {¶ 12} According to the attorney for defendant, no one disputed the fact that appellants took care of the minor child during the time period that a complaint was filed. Appellee's counsel maintained that appellants technically were not parties in the case.
 {¶ 13} Pursuant to its September 26, 2005 judgment entry, the trial court overruled appellants' objections to the magistrate's decision, and their motion to intervene. It is from that judgment that appellants filed a timely notice of appeal and make the following assignments of error:
 {¶ 14} "[1.] The [t]rial [c]ourt committed error as a matter of law when it denied [appellants'] motion to intervene in a legal custody hearing, when the [c]ourt misapplied the procedure and standards of [Hockstok, supra].
 {¶ 15} "[2.] The [t]rial [c]ourt committed error and abused [its] discretion when [it] denied [appellants'] motion to intervene in a legal custody hearing in accordance with In reSchmidt (1986), 25 Ohio St.3d 331, or [Hockstok, supra]."
 {¶ 16} In their first assignment of error, appellants argue that the trial court erred by denying their motion to intervene, and misapplied the procedures and standards of Hockstok, supra. In their second assignment of error, appellants contend that the trial court erred and abused its discretion by denying their motion to intervene in accordance with In re Schmidt orHockstok, supra.
 {¶ 17} Because appellants' assignments of error are interrelated, we will address them in a consolidated fashion.
 {¶ 18} "When reviewing an order denying a motion to intervene, the issue is whether the trial court abused its discretion." In re Goff, 11th Dist. No. 2003-P-0068,2003-Ohio-6087, at ¶ 11, citing Peterman v. Pataskala (1997),122 Ohio App.3d 758, 761. The term "abuse of discretion" infers more than an error of law or judgment; it suggests that the court's attitude is unreasonable, arbitrary or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. Absent an abuse of discretion, a trial court's determination will not be disturbed on appeal. Pauly v. Pauly (1997), 80 Ohio St.3d 386,390. "When applying the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court." In re Jane Doe 1 (1990), 57 Ohio St.3d 135,137-138.
 {¶ 19} R.C. 2151.23(A)(2) gives juvenile courts exclusive jurisdiction to "determine the custody of any child not a ward of another court of this state[.]"
 {¶ 20} The Supreme Court of Ohio in Hockstok, supra, at ¶ 16-17, stated:
 {¶ 21} "* * * the overriding principle in custody cases between a parent and nonparent is that natural parents have a fundamental liberty interest in the care, custody, and management of their children. Santosky v. Kramer (1982), 455 U.S. 745, 753
* * *; In re Murray (1990), 52 Ohio St.3d 155, 157 * * *. This interest is protected by the Due Process Clause of theFourteenth Amendment to the United States Constitution and by Section 16, Article I of the Ohio Constitution; Santosky, supra; In reShaeffer Children (1993), 85 Ohio App.3d 683, 689-690 * * *. * * *
 {¶ 22} "* * * [W]e have held that in a child custody proceeding between a parent and nonparent, a court may not award custody to the nonparent `without first determining that a preponderance of the evidence shows that the parent abandoned the child; contractually relinquished custody of the child; that the parent has become totally incapable of supporting or caring for the child; or that an award of custody to the parent would be detrimental to the child.' [In re Perales (1977),52 Ohio St.2d 89, syllabus]." (Parallel citations omitted.)
 {¶ 23} Juv.R. 2(Y) defines "party" as "a child who is the subject of a juvenile court proceeding, the child's spouse, if any, the child's parent or parents, or if the parent of a child is a child, the parent of that parent, in appropriate cases, the child's custodian, guardian, or guardian ad litem, the state, and any other person specifically designated by the court."
 {¶ 24} Juvenile courts may use Civ.R. 24 as a guide to the exercise of its discretion for joining parties under Juv.R. 2(Y).In re Goff, supra, at ¶ 13. Pursuant to Civ.R. 24(A)(2), a party is required to demonstrate an interest in the proceedings before he or she is permitted to intervene as of right.
 {¶ 25} In the case at bar, appellants are not within the scope of parties as defined by Juv.R. 2(Y). Consequently, they are not individuals who have a right to intervene pursuant to Civ.R. 24(A). See In re Schmidt, supra, at 336. Appellants' concern for the minor child's best interest cannot be construed as a legal interest that falls within the scope of Civ.R. 24(A). See In re Goff, supra, at ¶ 16.
 {¶ 26} It appears that the trial court judge mulched together unsuitability with the motion to intervene. Based on the pleadings, it was inappropriate for the trial court to make a determination of unsuitability. The trial court judge should have focused on the criteria for granting or denying a motion to intervene. Nevertheless, we agree with the end result and note that the trial court did not abuse its discretion by overruling appellants' motion. The record before us does not demonstrate that appellants established an in loco parentis relationship with the minor child.[6] Although appellants cared for the minor child during the time period that a complaint was filed, they did not have standing to intervene.
 {¶ 27} Appellants' first and second assignments of error are without merit.
 {¶ 28} For the foregoing reasons, appellants' assignments or error are not well-taken. The judgment of the Portage County Court of Common Pleas, Juvenile Division, is affirmed.
O'Neill, J., Rice, J., concur.
[1] Defendant is not a named party to the instant appeal. Genetic testing established a 99.99% probability that appellee is the biological father of the minor child.
[2] Appellants did not file a transcript from that hearing.
[3] The shared parenting plan was filed on September 22, 2005, and adopted by the trial court on September 27, 2005. The parties agreed that appellee would be the residential parent and that defendant would be the non-residential parent.
[4] In their brief, appellants also refer to the January 2005 letter and February 2005 power of attorney, which they reference as Exhibits A and B. We note, however, that neither is in our record.
[5] The magistrate and the trial court cited to In reHockstock (2001), 98 Ohio St.3d 383, 2002-Ohio-7208. However, the correct citation is Hockstok v. Hockstok,98 Ohio St.3d 238, 2002-Ohio-7208.
[6] Black's Law Dictionary (6 Ed.Rev. 1990) 787 defines "in loco parentis" as: "[i]n the place of a parent; instead of a parent; charged, factitiously, with a parent's rights, duties, and responsibilities."